### 40689. FLOYD COUNTY et al. v. GRIFFIN.

JORDAN, Judge. 1. The petition containing allegations of damage due to flooding of the plaintiff's property resulting from the construction of a highway by the defendant was not subject to the general demurrer interposed. *Dougherty County v. Long,* 93 Ga. App. 212, 213 (91 SE2d 198); *Tift County v. Smith,* 107 Ga. App. 140 (3) (129 SE2d 172), reversed on other grounds, *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527).

2. While other allegations of the petition, including those alleging damage resulting from a cul-de-sac, might have been subject to special demurrer, the special demurrers filed herein did not

specifically reach such objectionable allegations and were without merit. See *Tift County v. Smith*, 219 Ga. 68, supra.

3. That portion of the charge complained of in special ground 1 of the amended motion for new trial is clearly error requiring the grant of a new trial.

The plaintiff's petition, in addition to the allegation of flood damage, claimed damages resulting from the dead ending of Dean Street upon which the property abutted by the construction of a cut and fill approximately 850 feet from the plaintiff's property, thereby isolating the property by the creation of a cul-de-sac and causing inconvenience in reaching the city of Rome. There was no allegation in the petition nor any evidence upon the trial of the case that the plaintiff's access to and from Dean Street had been interfered with by the highway construction, but only that the obstruction cut off access to the city of Rome by way of Dean Street. This feature of the case is clearly controlled by *Tift County v. Smith*, 219 Ga. 68, 73, supra, in which the Supreme Court said, "What we deem controlling under the facts here is that access to the Old John Williams Road upon which the plaintiff's property abuts was not interfered with. The fact that farther down this road a dead-end obstruction was created so as to constitute a cul-de-sac, causing inconvenience, does not, in our view, constitute the taking or damaging of private property for a public purpose so as to require compensation."

The charge complained of related to the right of a property owner to recover damages for interference with ingress or egress from such property to the street upon which it abuts. Such charge was not applicable to the factual situation existing here and was subject to the criticism that it was confusing and misleading to the jury.

The general grounds and the remaining special ground have been abandoned.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

Decided May 28, 1964—Rehearing denied June 4, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, Horace E. Campbell, Jr., Assistant Attorneys General, Robert G. Walther,* for plaintiffs in error.

*James Maddox,* contra.