41971. STATE HIGHWAY DEPARTMENT v. BELL et al.

ARGUED MAY 4, 1966—DECIDED MAY 30, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Thomas H. Harper, Jr., Assistant Attorneys General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, W. Roscoff Deal,* for appellant.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for appellee.

JORDAN, Judge. The owner in a condemnation proceeding is entitled to just and adequate compensation for the land taken and the consequential damages to the remaining property. Under this proceeding "all occupants, tenants, lessees, licensees," etc. were made parties defendant to the action to the end that they might come into court and make claim to such interest or ownership or other rights as they may have in the property condemned

or to the proceeds thereof. Any damage suffered by the leasehold estate would therefore have to be satisfied out of the proceeds awarded to the condemnee in the condemnation proceeding. The lessee is not entitled to recover damages which the owner himself would not be entitled to recover.

It is clear here that the award of damages to the lessee was based upon the inconvenience and circuity of travel occasioned by the construction of this highway. The Supreme Court in *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527), has clearly stated that such inconvenience and circuity of travel occasioned to the owner of property does not constitute a taking or damaging of private property so as to require compensation. It follows that the lessee of such property would also have no cause of action based upon the inconvenience caused to him in traveling to and from the leased property.

It is clear from the record that the leaseholder's access to the road upon which the leased premises abutted was not interfered with, and under the facts set forth here, this case is clearly controlled by *Tift County v. Smith*, 219 Ga. 68, supra. The award of damages to the appellee leaseholder was unauthorized by the evidence and the judgment appealed from must be reversed.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*