42925. HORTON et al. v. CITY OF ATLANTA.

JORDAN, Presiding Judge. The plaintiffs seek compensation from the City of Atlanta for damage to their property allegedly caused by the closing of a street to extend a runway at the municipal airport. A plot of the area attached to an affidavit submitted by the defendant in support of a motion for summary judgment discloses that for travel to the north from the plaintiffs' property on Annis Court, a cul-de-sac in Fairfax subdivision, one must proceed out of the cul-de-sac to its exit on Annis Street, thence south one block to Keene Street, thence east three blocks to Union Avenue (also called Union Road) and thence north, or in the alternative, out of the cul-de-sac north on Annis Street around a loop to the east and south to Keene Street, and thence east one block to Union Avenue. The extended runway blocks Union Avenue approximately 500 feet north of the intersection with Keene Street, but there is a new perimeter route in the form of a loop to the east, north, and west providing a connection with Union Avenue north of the runway, which is shown on the plat as approximately one mile longer than the section of Union Avenue closed for the runway, and which, according to the plaintiff's counteraffidavit, requires "another mile or more" of travel. The gist of the plaintiffs' claim, as explained by their counteraffidavit, is that between 1949 and 1964 they enjoyed the right of direct travel to Hapeville and north via Union Avenue, and that defendant, in depriving them of this right, has devalued their property and caused other losses for which they are entitled to compensation. The plaintiffs appeal from a summary judgment in favor of the defendant. *Held:*

1. If from the pleadings and affidavits conforming to the requirements of the Summary Judgment Act as set forth in *Code Ann.* § 110-1205 it appears that there is no genuine issue of material fact and that as a matter of law the plaintiffs cannot prevail, the defendant is entitled to a summary judgment forthwith. *Code* §§ 110-1202, 110-1203; *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580).

2. It is clear from the pleadings and the plat showing the undisputed physical layout of the area before and after the closing of a section of Bacon Avenue that the only interference with any right of the plaintiffs as the result of the closing of the

street is the inconvenience in using a new route of travel to the north commencing some five blocks (over one-third of a mile) away from the plaintiffs' property, a route which is approximately one mile longer than the old route. This inconvenience is precisely the same as that of the general public, although in view of the proximity of the plaintiffs' property and their use of the route it may be greater in degree. Under the circumstances the inconvenience does not constitute the taking or damaging of their property for which they are entitled to compensation under the Constitution of this state, and the ruling on summary judgment is controlled by the ruling of the Supreme Court as to a cause of action in *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527), reversing *Tift County v. Smith,* 107 Ga. App. 140 (129 SE2d 172). In the opinion in that case Justice Grice quoted with approval an excerpt from an opinion of the Supreme Court of Iowa in Warren v. State Highway Commission, 250 Iowa 473, 481 (93 NW2d 60), as follows: ". . . Upon careful analysis of the cases the true rule appears with reasonable certainty. It is that one whose right of access from his property to an abutting highway is cut off or substantially interfered with by the vacation or closing of the road has a special property which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation." Also, see *Patten v. Mauldin,* 219 Ga. 211 (132 SE2d 664); *Floyd County v. Griffin,* 109 Ga. App. 802 (3) (137 SE2d 483); *State Hwy. Dept. v. Bell,* 113 Ga. App. 768 (149 SE2d 752). The facts in the present case clearly distinguish it from cases involving an interference with access to an abutting roadway, such as *Dougherty County v. Hornsby,* 213 Ga. 114 (97 SE2d 300), and *Felton v. State Hwy. Bd.,* 47 Ga. App. 615 (171 SE 198).

3. The trial court properly granted summary judgment for the defendant.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JUNE 30, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 21, 1967.

*Oze R. Horton,* for appellants.
*Henry L. Bowden, Robert S. Wiggins,* for appellee.