### 43973. STATE HIGHWAY DEPARTMENT v. CANTRELL et al.

SUBMITTED OCTOBER 7, 1968—DECIDED FEBRUARY 27, 1969.

Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Robert L. Royal, Deputy Assistant Attorney General, John T. Minor, III, for appellant.

Mitchell & Mitchell, Erwin Mitchell, Coy H. Temples, for appellee.

FELTON, Chief Judge. ■ ■ In the case of Hill v. Willis, 224 Ga. 263, 264 (161 SE2d 281), the Supreme Court applied the principle of Fulton County v. Spratlin, 210 Ga. 447 (2) (80 SE2d 780) and City of Valdosta v. Singleton, 197 Ga. 194, 208 (28 SE2d 759) to provisions of the Civil Practice Act, so that, in reviewing this case, we are required to apply the law as it exists now, rather than as it existed when the case was tried, in determning whether there was error in the denial of the motion for mistrial. It is specifically provided in § 46 (b) of the Civil Practice Act (Code Ann. § 81A-146 (b) ; Ga. L. 1966, pp. 609, 655) that "Where motion for mistrial or other like relief is made, the question is thereby presented as to whether the moving party is entitled to the relief therein sought or to any lesser relief, and where such motion is denied in whole or in part, it shall not be necessary that the moving party thereafter renew his motion or otherwise seek further ruling by the court." Hence, the condemnor's failure to request further instruction or renew its motion for mistrial does not prevent our consideration of the alleged error. In the case of City of Gainesville v. Hamrick, 118 Ga. App. 25, 28 (162 SE2d 460), the above statute and its applicability by reason of Hill v. Willis, supra, apparently were overlooked; therefore, said case, and any others so holding, cannot be followed.

■ The argument of the condemnees' counsel asserting to the jury that the condemnees had already been paid the sum of $31,868 was patently prejudicial to the condemnor, being suggestive of a recognition by the condemnor that the damages amounted to that much and the verdict should not be any less. It was wholly unsupported and unauthorized by any evidence in the case. Placing the award in evidence on a trial before the jury is impermissible. Atlanta Birmingham & A. R. Co.

*v. Smith*, 132 Ga. 725, 727 (64 SE 1073); *State Hwy. Dept. v. Respess*, 111 Ga. App. 421 (1) (142 SE2d 73). This argument, not warranted by the evidence, constitutes an impairment of the right to a fair trial, nothing else appearing. *Patton v. State*, 117 Ga. 230, 238 (43 SE 533); *Ga. Power Co. v. Puckett*, 181 Ga. 386 (1) (182 SE 384). However, in a case involving the same principle, the Supreme Court ruled that instructions to the jury, similar to those in this case, removed the harm which might have been caused by the attorney's statement. *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, 470 (71 SE 903). It follows that the court did not err in overruling the motion for a new trial as to this ground. It is assumed that the same or similar statement will not be made on the next trial.

■ The court's charge of *Code* § 36-505, allowing the jury to consider the capabilities of the property, was authorized by the evidence, from which the jury was warranted in drawing a reasonable inference of its suitability for various usages. *Moore v. State Hwy. Dept.*, 221 Ga. 392 (144 SE2d 747); *State Hwy. Dept. v. Whitehurst*, 109 Ga. App. 737 (137 SE2d 371). There was evidence which showed that the property taken fronted on a public road which led to the main thoroughfare and shopping center of the City of Dalton 6 miles away; that a certain comparable tract of land in that same area was "sub-dividing property"; that land "anywhere down in that valley" where the land in question was situated was valued at at least $1,000 an acre; that the property was already used for residential purposes, as well as for raising chickens.

■ Although its was argued by counsel for condemnees that the condemnation, for the purpose of building a limited-access interstate highway, of that portion of condemnees' land abutting a county road deprived condemnees of *all* access to the remainder of their land, even by way of the paved frontage or access road paralleling the new highway, the evidence showed that said frontage road did provide such access and that the condemnee husband had utilized it for this purpose. Since there was evidence that access was not completely blocked, the court erred in admitting in evidence testimony as to the number,

distance and cost of trips which the condemnee husband had to make from his relocated home (from the condemned portion of his land to property across the limited-access highway acquired subsequently to the condemnation) to his chicken houses on the remainder of his property which was not condemned, which trips had been unnecessary when his home was located on the same tract of land and in closer proximity to said chicken houses. Damages for mere inconvenience and circuity of travel in the access to one's property in such cases are not compensable. *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527); *State Hwy. Dept. v. Bell,* 113 Ga. App. 768 (149 SE2d 752); *Horton v. City of Atlanta,* 116 Ga. App. 350 (2) (157 SE2d 501).

The court erred in its judgment overruling the motion for a new trial on special ground 4.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*