## 49414. DOUGHERTY COUNTY v. SNELLING et al.

EBERHARDT, Presiding Judge.

Dougherty County sought to condemn for road purposes .114 acres of land and a permanent construction easement on .019 acres described in the petition and against A. Harold Snelling, Rollins C. Snelling, 60 Minute Systems, Inc., and the First National Bank of Albany as owners, lessees or lienholders. A special master was appointed, who, after hearing evidence as to value, consequential damage, etc. made an award and filed it with the Clerk of Dougherty Superior Court. Condemnees appealed the matter to a jury in the superior court. At that stage the condemnor tendered an amendment by which the construction easement would be limited to the period required for constructing the improvement and providing that it would expire and terminate on completion thereof. Upon objection of the condemnees the amendment was disallowed, and appellant enumerates the disallowance as error.

Interrogatories were served on the condemnees calling for the names of all expert witnesses whom they would use at the trial, and for the substance of what each of them would testify to. Condemnor contends that there was failure to supply information as to what some of the experts would testify concerning consequential damages, and that when counsel for condemnor discovered at the trial that the claim for damages would be increased by reason of the testimony of these experts, they moved for postponement for a sufficient time to enable them to interview the witnesses and to seek rebuttal testimony for offering at the trial. The postponement was denied, and that is enumerated as error.

On trial the court admitted, over objection, evidence that the Department of Transportation planned at some future time to prohibit left turns across traffic in front of the property, and that is enumerated as error. *Held:*

1. It has been held in *Paulk v. Georgia Power Co.,* 231 Ga. 721 (204 SE2d 154), s. c. 131 Ga. App. 218 (205 SE2d 484), that where an appeal of the award by a special master or by assessors to a jury has been tried and the jury has returned a verdict increasing the amount to be

paid as the value of the land taken or as consequential damages, the condemnor must pay into the registry of the court, or to the condemnee, the sum representing the increase in these amounts (the amount of the award having already been paid into the registry of the court at or before the filing of the appeal to a jury) prior to the filing of a motion for new trial, ergo, prior to the filing of a direct appeal to an appellate court. However, in *Paulk* the condemnor was a public utility, while here it is a county, and the land was not being condemned for road, street or highway purposes, as it is here.

Art. I, Sec. III, Par. I of the Constitution of this state, as it now stands after the amendment of 1960 (Ga. L. 1960, p. 1225) provides that when land is taken by the state, a county or a municipality for road, street or highway purposes "just and adequate compensation therefor need not be paid until the same has been finally fixed and determined as provided by law. . ." Code Ann. § 2-301. The procedure for acquiring lands for road, street or highway purposes was prescribed in Ga. L. 1961, p. 517; Ga. L. 1962, Sept. Sess. p. 37; and Ga. L. 1963, p. 124. The procedures applicable to the situation here were complied with. See *State Highway Dept. v. Smith,* 219 Ga. 800 (136 SE2d 334).

"No judgment or decree can, under our system, be said to be final until the time prescribed by law in which a motion for a new trial may be made, or a writ of error seeking to set aside such judgment has expired." *Peoples Bank of Talbotton v. Merchants & Mechanics Bank of Columbus,* 116 Ga. 279, 282 (42 SE 490). "A judgment cannot be treated as final so long as either of the parties has the right to have the same reviewed by the appellate court; and if it is so reviewed, it is not final until the appellate court judgment is made the judgment of the trial court. *Twilley v. Twilley,* 195 Ga. 297, 298 (24 SE2d 46); *Powell v. Powell,* 200 Ga. 379, 382 (37 SE2d 191); *Garrick v. Tidwell,* 151 Ga. 294 (106 SE 551)." *New Amsterdam Cas. Co. v. Russell,* 103 Ga. App. 553, 556 (2) (120 SE2d 150).

In *State Highway Dept. v. Howard,* 119 Ga. App. 298 (167 SE2d 177) this court held: "It is error to dismiss a motion for new trial by a condemnor who seeks to obtain

land for the construction of a road or a street because of failure of the condemnor to pay into the registry of the court or to the condemnee the amount representing the increase of the compensation to be paid, as fixed by the verdict of a jury, over the amount which had been paid in on a declaration of taking. When land is taken for road or street purposes the condemnor is not bound to pay the additional compensation until a judgment fixing it has become final. It is not a condition precedent that the increased compensation be paid before moving for a new trial or before appealing from the judgment on the verdict or from the denial of a new trial."

Thus, the ruling in *Paulk v. Georgia Power Co.,* 231 Ga. 721, supra, has no application here, and failure of the condemnor to pay into the registry of the court the increase represented by the amount of the verdict of the jury over the award of the special master did not affect its right to appeal the judgment on the verdict.

2. It is obvious that the disallowance of the amendment was on the belief that after an award has been made by the appraisers or by a special master, the eminent domain petition can not be amended to make any change in the property to be condemned. It is true that the proceeding cannot be abandoned, and the petition can not be amended in such a way as to prejudice the condemnee. But beyond these limitations, amendment of the petition is allowable in an eminent domain proceeding just as in any other. The description of the land may be corrected. *Leach v. Georgia Power Co.,* 228 Ga. 16 (2) (183 SE2d 755); *Tuggle v. DeKalb County,* 101 Ga. App. 890 (1) (115 SE2d 751). Where an easement is sought the petition may be amended to limit the character or nature of the easement. *Taylor v. Georgia Power Co.,* 129 Ga. App. 89 (198 SE2d 701).

Here, as in *Taylor,* the effect of the proffered amendment was to limit the easement, not to enlarge it. We can not see how it can be successfully contended that a limitation of the easement is prejudicial to the condemnee. Indeed, the original petition sought a *permanent* construction easement, and the amendment would limit its life to the period of construction without

in any manner changing its nature or location. That reduces the easement to a temporary one and is in the interest of the condemnee, for on completion of the improvement the land on which the easement exists will be returned to the condemnees unburdened. If the existence of the easement creates a violation of zoning restrictions, it is only temporary and upon completion of the improvement and termination of the easement it will return to a status of compliance with the zoning restriction. In the light of current road building experience in this state the easement is not likely to exist for more than two years. Disallowance of the amendment was error.

3. The close question raised by the denial of a postponement of the trial becomes moot since a new trial is being granted on other grounds, and that issue is not likely to arise on another trial.

4. The condemnees tendered evidence that the authorities in charge of controlling traffic would, at some future time, prohibit the crossing over by motorists and making of left turns to get onto their property adjoining the highway. The evidence was admitted over objection timely made, for showing that a change in the traffic pattern would reduce the amount of business which condemnees might expect to do from the liquor store on their adjoining property, or that it might reduce the rental value of the property.

Adjoining owners of property or operators of businesses on property adjoining a street or highway have no vested interest in the traffic pattern which controlling authorities may provide for the public street from time to time. If they suffer damage when the pattern is changed it is a damage suffered by members of the general public owning property or operating businesses adjacent to a street or highway, and for which there can be no recovery. The damage is not peculiar to the condemnees. *Tift County v. Smith,* 219 Ga. 68, 72 (131 SE2d 527). The regulation of traffic is a governmental function. *Dennis v. State,* 226 Ga. 341 (1) (175 SE2d 17). The changing of traffic patterns, prohibiting of left turns at stated places, and providing medians for separating northbound and southbound lanes of traffic (or eastbound

and westbound) are matters which affect all of the public in the same manner. They are within the governmental authority of the state, county or city. It is the duty of the authority having jurisdiction over the highway or street to so control traffic and provide patterns for traffic as will best serve both those who travel and those who live or operate businesses along the street or highway, as will facilitate the traffic flow, and best afford traffic safety. If changes are required as the quantity of traffic increases, or as the nature of the neighborhood along the street or highway changes, these should be made and none has a vested interest in keeping the pattern continuously without change.

A damage suffered by the condemnee which is different from that suffered by the general public in degree only, and not in kind, is not compensable or recoverable. *Tift County v. Smith,* 219 Ga. 68, 72, supra; *Patten v. Mauldin,* 219 Ga. 211, 214 (132 SE2d 664); *Ward v. Georgia Terminal Co.,* 143 Ga. 80 (84 SE 374); *Horton v. City of Atlanta,* 116 Ga. App. 350 (2) (157 SE2d 501); *Floyd County v. Griffin,* 109 Ga. App. 802 (3) (137 SE2d 483); *State Highway Dept. v. Bell,* 113 Ga. App. 768 (149 SE2d 752).

Unless the changes include items which amount to a taking of the property of adjacent owners, such as installing curbs which prevent access to the adjacent property, the claim of damage is common with that which might be made by the general public, and is not recoverable. *State Highway Dept. v. Strickland,* 213 Ga. 785 (102 SE2d 3); *Hadwin v. Mayor &c. of Savannah,* 221 Ga. 148 (143 SE2d 734).

Evidence concerning a possible or prospective change in the traffic pattern which may be made at some future time, being relative to a prospective governmental action which may or may not take place, should have been excluded on objection.

*Judgment reversed. Stolz, J., concurs. Deen, J., concurs in the judgment.*

Submitted May 29, 1974 — Decided July 11, 1974 — Rehearing denied July 31, 1974 —

*Landau, Davis, Farkas & Spooner, James V. Davis,* for appellant.

*Burt, Burt & Rentz, H. P. Burt,* for appellees.