74536. DEPARTMENT OF TRANSPORTATION v. COLEY et al.
(360 SE2d 924)

POPE, Judge.
    On July 26, 1985 appellant Department of Transportation (DOT) filed its declaration of taking to acquire .007 acres of land, a temporary construction easement, a permanent drainage easement and limited access rights from lands owned by appellees, Robert Coley and Elizabeth Coley, for the purpose of widening and improving U. S. Highway 319. The record shows that the subject property, which is located in Ocilla, Georgia, is bounded on the west by U. S. Highway 319, on the south by Valdosta Avenue and on the east and north by a railroad line. Located on the southern portion of the tract (Parcel 9), which was owned solely by Robert Coley, were Robert Coley's residence, a rental house and a service station. Elizabeth Coley held a life estate (with the remainder in Robert Coley) on the northern portion of the tract (Parcel 10), and her residence was also located thereon.
    Appellant paid $38,310 into the registry of the court as compensation for the property taken and removed the house on Parcel 10 and closed all access from that parcel to U. S. Highway 319. As to Parcel 9, appellant removed the pump island and canopy roof from the service station and closed all access to U. S. Highway 319, except for two driveways located in front of the two houses situated on that tract. On September 13, 1985 appellees filed their notice of appeal in the Superior Court of Irwin County in which they expressed their dissatisfaction with the amount deposited into the registry of the court as the value of the land taken and requested a jury trial. Following same, the jury returned a verdict of $220,000 for Parcel 9 and $23,000 for Parcel 10, and appellant filed this timely appeal.
    1. Appellant's first three enumerations of error concern testimony elicited during appellees' cross-examination of appellant's expert witness, Raymond Stone, who was employed by appellant as the design engineer for the project.
    (a) The record shows that the first instance complained of con-

cerns the permanent drainage easement acquired by appellant. In response to the question concerning why a 30-inch pipe was necessary for the drainage easement on appellees' property when the pipe located on the adjacent railroad property was only 24 inches wide, appellant's expert witness stated: "Well, by the calculations, it will handle it; and we have no jurisdiction on the pipe under the railroad." No objection was interposed to the expert's answer and following additional questioning as to the effect of using different sized pipes, appellees' counsel asked the following question: "Now, you say you have no jurisdiction. You have as much right to go under the railroad property as you've got to go and take Mr. Coley's property, ain't you?" Appellant objected to the question on the basis that it called for a legal conclusion on the part of the witness. The trial court overruled the objection and the witness responded: "If the pipe caused any problem, we probably would."

Under the circumstances outlined above, we do not agree with appellant that the admission of the expert's testimony constituted reversible error. First, we note that the expert, while explaining why a smaller pipe would suffice on the adjoining property but not on appellees', volunteered the initial remark concerning appellant's jurisdiction. "No objection was made by appellant to . . . this testimony which is substantially the same or similar to that later objected to, and the later objection is therefore waived. [Cit.] The testimony of DOT's own witness, which was not objected to, made relevant the [jurisdiction of DOT over the adjoining property]." *Dept. of Transp. v. Brooks*, 153 Ga. App. 386, 389 (265 SE2d 610) (1980). Moreover, "relevant and material matters which have first been introduced into evidence by the other party should not be restricted from a thorough and sifting cross-examination. . . . As a general rule, it is better that cross-examination should be too free than too much restricted. This is a matter that necessarily belongs to and abides in the discretion of the court. . . ." (Citations and punctuation omitted.) *Dept. of Transp. v. Lowery*, 163 Ga. App. 114, 115 (291 SE2d 573) (1982). Under the facts present here, we find no abuse of discretion in allowing the complained of testimony; therefore, this enumeration is without merit.

(b) Appellant also alleges that the trial court erred in allowing appellant's expert to testify concerning whether it would be safe for appellee Elizabeth Coley (or someone her age) to cross the drainage ditch which would be permanently located on Parcel 10, and argues that said testimony constituted an inadmissible conclusion on the part of the witness. We disagree. As appellant admits, the amount of consequential damages resulting from the placement of said permanent drainage easement was highly contested. It is well established that in condemnation proceedings the "[c]ondemnee [is] entitled to

prove every element of consequential damage that [is] relevant. [Cit.] . . . Under the circumstances in this case, the trial court did not err in admitting the evidence objected to since that evidence was relevant and material to the issue of consequential damages to [appellees'] property remaining after the taking. [Cits.]" *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226, 229 (312 SE2d 344) (1983), aff'd 253 Ga. 150 (317 SE2d 542) (1984). Accordingly, this enumeration affords no basis for reversal.

(c) Appellant also contends that the trial court erred in allowing the expert witness to testify over objection concerning whether it would be more difficult for the Coleys to enter the highway from their house after the project was completed. We agree with appellant that greater difficulty in ingress and egress which is occasioned by a change in traffic patterns is not an appropriate item of damages in proceedings such as this. *Dept. of Transp. v. Katz*, 169 Ga. App. 310 (2) (312 SE2d 635) (1983). Cf. *Dept. of Transp. v. Whitehead*, 253 Ga. 150, supra (involving the total elimination of an easement of access). However, in the present case the trial court correctly and completely instructed the jury as to the circumstances in which damages for interference with access rights are appropriate and specifically charged the jury that no damages are recoverable for a change in traffic pattern which results in damage to the public in general. We find that the trial court effectually eliminated any error created by the admission of the irrelevant evidence, and that appellant has failed to show how it has been harmed thereby. See generally *Phoenix Ins. Co. v. Gray*, 107 Ga. 110 (3) (32 SE 948) (1899); *Robinson v. Gray*, 22 Ga. App. 25 (1) (95 SE 324) (1918), and cits. This enumeration of error thus affords no basis for reversal. Compare *Weaver v. Weaver*, 238 Ga. 101 (2) (230 SE2d 886) (1976).

2. Appellant also enumerates as error the admission of testimony showing that Robert Coley's service station business was the only business affected by the highway project over appellant's objection that said evidence was irrelevant. " 'Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. (Cit.) Moreover, where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. (Cits.)' *Kelly v. Floor Bazaar, Inc.*, 153 Ga. App. 163, 165 (264 SE2d 697) [(1980)]. 'Even where irrelevant evidence is admitted over timely objection, it affords no cause for a new trial, unless the nature of the evidence is such as reasonably to prejudice the rights of the objecting party. (Cit.)' [Cits.] [Thus, in the present case] even if the evidence had been irrelevant, appellant failed to carry the burden of proving that the admission of the evidence was unduly prejudicial to

its rights. Appellant's contention is therefore without merit." (Indention omitted.) *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 546 (309 SE2d 816) (1983).

3. Appellant next posits the argument that the trial court erred in refusing to allow a non-expert witness for appellees to testify if he had heard of the terms of the sale of a service station located within the same area. Our review of the record again shows no merit to appellant's contention. Rather, the witness was allowed to respond to the following question: "Mr. Tucker, I believe Larry bought that station, the underground tanks and whatever was there by way of equipment, and the land for $45,000. Ain't that what you heard?" Although the witness was not allowed to testify concerning the details of the conversation concerning the above sale, the record shows that the witness did testify, contrary to appellant's contention, as to whether he had heard of the terms of said sale; consequently, this enumeration is without merit.

4. Appellant also contends that the trial court erred in admitting evidence of business losses and in instructing the jury on such losses and on the concept of "uniqueness." "Business losses are recoverable as a separate item only if the property is 'unique.' Whether the property is unique is a jury question. The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even *slight* evidence consisting of inferences drawn from the testimony. Since only slight evidence is necessary to authorize a jury charge on the uniqueness of a business and the subsequent recovery of its losses, it would be gross error to . . . prevent any attempt to present such evidence to the jury." (Citations and punctuation omitted.) *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414, 417 (343 SE2d 497) (1986).

In *Dept. of Transp. v. 2.734 Acres of Land*, supra, this court examined the "uniqueness" rules enunciated in *Housing Auth. of Atlanta v. Troncalli*, 111 Ga. App. 515 (142 SE2d 93) (1965); *City of Gainesville v. Chambers*, 118 Ga. App. 25 (2) (162 SE2d 460) (1968), and *Dept. of Transp. v. Eastern Oil Co.*, 149 Ga. App. 504 (1) (254 SE2d 730) (1979), and their progeny, and found that these "three general rules regarding the uniqueness of a business in a condemnation proceeding have been merged to include all three concepts as independent criteria under one general rule. Only one of the three criteria need be satisfied in order to authorize recovery of business loss damage. It is up to the jury to decide whether enough evidence exists to support the condemnee's contention that fair market value (if ascertainable at all) does not afford him just and adequate compensation. [Cit.] Since the trial court in the present case charged the jury on all three interpretations of the uniqueness rule and . . . evidence existed for the jury to make a determination using any of the con-

cepts of uniqueness, the charge was proper and the enumeration of error regarding it is therefore without merit. [Cit.]" (Indention omitted.) *Dept. of Transp. v. 2.734 Acres,* supra at 545; *Fulton County v. Winkles,* 176 Ga. App. 690 (2) (337 SE2d 453) (1985).

5. Lastly appellant contends that the verdict of the jury was excessive. However, because "[t]here [was] sufficient evidence here, from both expert and non-expert testimony as to the value of the land taken . . . and the consequential damages to the other property, it cannot be said that the verdict was excessive; and . . . the alleged [error] based on excessiveness . . . [is without merit]." *Georgia Power Co. v. Slappey,* 121 Ga. App. 534, 535 (174 SE2d 361) (1970); accord *Dept. of Transp. v. Brooks,* 153 Ga. App. 386 (1) (265 SE2d 610) (1980). Cf. *State Hwy. Dept. v. Chance,* 122 Ga. App. 600 (4) (178 SE2d 212) (1970).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

Decided September 14, 1987.

*Michael J. Bowers, Attorney General, Glenn Whitley,* for appellant.

*W. Emory Walters, J. Harvey Davis,* for appellees.