A91A1126. EXXON CORPORATION v. DEPARTMENT OF TRANSPORTATION.

(413 SE2d 238)

Judge Arnold Shulman.

The Department of Transportation (DOT) condemned a 360-square-foot triangle of land located at the intersection of I-75 and Delk Road in Cobb County, on which the Exxon Corporation maintained a large sign advertising one of its service stations. The remainder of the property on which this triangle of land was located was owned by Motel 6 and was being used for motel purposes, while the service station advertised by the sign was located on the other side of the motel property, on an adjacent parcel of land owned by Exxon. Motel 6 had ceded to Exxon the perpetual right to erect and maintain a high-rise interstate highway sign at the location in question, along with the perpetual right to go upon and across the remainder of its property for the purpose of accessing the sign. The trial court granted a motion in limine filed by the DOT seeking to prevent Exxon from introducing evidence that its service station property had sustained consequential damages as a result of the taking of the sign, and the case is before us pursuant to our grant of Exxon's application for interlocutory review of that ruling.

1. "[A]n asserted *insufficiency* in the condemnee's evidence . . . is not appropriately resolved on a motion in limine. A motion in limine determines the *admissibility* of evidence. A motion for summary judgment or for a directed verdict would be the appropriate means by which to invoke a ruling as to the sufficiency of the condemnee's evidence." *Buck's Svc. Sta. v. Dept. of Transp.*, 191 Ga. App. 341 (381 SE2d 516) (1989), aff'd 259 Ga. 825 (387 SE2d 877) (1990). It follows that a motion in limine was not the proper procedural vehicle by which to adjudicate Exxon's entitlement to seek consequential damages in the present action for the injury to its service station property allegedly caused by the taking of its sign. The order

appealed from is accordingly reversed; however, inasmuch as Exxon's entitlement to assert its consequential damage claim in the present action must ultimately be adjudicated, and inasmuch as the trial court has, by its grant of the DOT's motion in limine, effectively ruled against Exxon on the issue, we will nevertheless proceed, in the interest of judicial economy and efficiency, to address the merits of that ruling.

2. "Consequential damages to a contiguous tract of land having a different ownership from that in which the taking occurs may be real and may in fact exist, but a separate owner's claim for consequential damages to his land contiguous to the tract where the taking occurs cannot be asserted in a condemnation action. Consequential damages to 'the remainder of the tract in which the taking occurs' are the only consequential damages that may be recovered in the condemnation action." *Georgia Power Co. v. Bray*, 232 Ga. 558, 560 (207 SE2d 442) (1974). See also *Gaines v. City of Calhoun*, 42 Ga. App. 89, 93 (155 SE 214) (1930) (holding that "where adjoining or contiguous parcels of land belonging to the *same* owner are put to separate and distinct uses, and do not together constitute one entire tract, damage to one of the parcels, as a result of the performance of public work in the neighborhood, is determinable without reference to the effect of the work upon the adjoining land"). (Emphasis supplied.)

Exxon argues that there was a "substantial unity of ownership" between its service station property and the contiguous Motel 6 property on which the taking occurred by virtue of its perpetual easement "to go upon and across any and all of the remainder of [the Motel 6 property] for the purpose of accessing the sign along the most direct and practical route from [its service station property]." Citing this Court's holding in *Department of Transp. v. Arnold*, 154 Ga. App. 502, 503 (268 SE2d 775) (1980), for the proposition that "substantial, not perfect, unity of ownership" is all that is needed to authorize a recovery of consequential damages for injury to a contiguous property caused by a taking, it contends that it is therefore authorized to seek consequential damages in the present action.

We find this contention to be without merit for three reasons. First, we do not believe Exxon's generalized right to go across the Motel 6 property to access its sign can reasonably be considered an ownership interest in the entire property. Second, even it if could be, this would not create, in our view, either a substantial unity of ownership or a substantial unity of use between the motel property and the service station property. And finally, the decision in *Dept. of Transp. v. Arnold*, supra, had nothing to do with consequential damages. The taking in that case had occurred on a parcel of land owned by three persons, each of whom had previously treated the parcel as part of a larger tract formed by it and an adjoining parcel owned by only two

of them, and this court's holding was simply that the jury was authorized to consider the estimated per-acre value of the combined tract in determining the value of the land taken. More on point with the present case is *Georgia Power Co. v. Bray*, supra, which involved the condemnation of a tract of land jointly owned by two condemnees, one of whom was seeking to recover consequential damages for injury to a contiguous five-acre tract which he owned separately. The Supreme Court ruled that he was not entitled to make such a claim in the condemnation proceeding, holding that "[i]f the 5-acre tract . . . suffered damages by virtue of the taking which occurred on the joint-ownership tract, then such damages must be asserted in a separate action against the condemnor." Id., 232 Ga. at 561. Accord *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980); *Southwire Co. v. Dept. of Transp.*, 147 Ga. App. 606 (249 SE2d 650) (1978).

Based on these authorities, and on our conclusion that the Motel 6 property was not, in any event, a joint-ownership property, we hold that the trial court was correct in its conclusion that Exxon was not entitled to claim consequential damages in the present case for the alleged injury to its service station property caused by the taking of its sign.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 22, 1991.

*Alston & Bird, Walter G. Elliott II, Earle B. May, Jr.*, for appellant.

*Evans & Flournoy, Charles A. Evans*, for appellee.