A92A1716. TAYLOR v. DEPARTMENT OF TRANSPORTATION.
(429 SE2d 108)

BLACKBURN, Judge.

In conjunction with a project involving modification of Moreland Avenue at its intersection with I-20, the Department of Transporta-

tion (DOT) condemned 0.076 acres of land owned by the appellant and others, and deposited $28,680 in the court registry as the just and adequate compensation for that taking. Taylor was dissatisfied with that valuation, and requested a jury trial. Trial in the matter occurred on December 16, 1991, and resulted in a jury verdict for Taylor in the amount of $122,452. In this appeal from the judgment entered on that verdict, Taylor contends that the trial court erred in excluding evidence generally pertaining to the impairment of his right of access to the remaining property.

Situated on Taylor's property is a fast food restaurant which depends upon convenient access to the property from the public road. The portion of Taylor's property taken by the DOT is a tapering strip of land alongside the public road and directly in front of the restaurant. The DOT project plans called for replacement of a stop sign with a yield sign at the end of the exit ramp off I-20, so that vehicles exiting from I-20 could merge into the current through lane without stopping when the traffic flow permitted it. The land taken by the DOT was to be used to widen that through lane and taper off to facilitate such merging of traffic. It was undisputed that the driveways to Taylor's property were unchanged, other than being set back a few feet. However, Taylor claimed that because of the merging process of vehicles exiting I-20 onto Moreland Avenue, access to his property will be substantially interfered with, and at times completely blocked by vehicles backed up in the "merge" lane.

At the trial, following selection of the jury, the DOT made a verbal motion in limine to exclude evidence upon which Taylor relied to prove damages to his remaining property resulting from the interference with his right of access to his property caused by the condemnation and road project. The trial court's grant of the motion excluded, inter alia, all evidence of circuity of travel, traffic patterns, change in traffic volume or flow, changes in lane configuration, location of the exit ramp and references to replacement of a stop sign with a yield sign at the exit ramp, and damages resulting from the above. Inasmuch as Taylor's claim was that the road project would diminish the value of his remaining property because of a substantial interference with his right of access to the property, the trial court's ruling in large part "gutted" his case. Taylor sought a certificate of immediate review, but the trial court declined to grant it, because the jury had already been selected. Proffers of the excluded testimony were made during the trial.

1. The basis for the DOT's motion in limine was that Taylor's access to the property had not been restricted in any compensable manner, because the driveways to the property remained open and unobstructed. The right of access to a public road is a property right arising from the ownership of land adjacent to the road, and the

owner cannot be deprived of this right without payment of just and adequate compensation. *MARTA v. Datry,* 235 Ga. 568, 575 (220 SE2d 905) (1975). To be compensable, the interference with the right of access must be special to that property and in some way limit, restrict, or obstruct the access from the property to the public road. If some inconvenience, such as circuity of travel or change in traffic pattern, results from the taking, but the property owner has the same access to the road as before, the damage is no different than that suffered by the general public. *MARTA v. Fountain,* 256 Ga. 732 (352 SE2d 781) (1987); *Dept. of Transp. v. Katz,* 169 Ga. App. 310 (2) (312 SE2d 635) (1983).

The use of a public road is subject to the reasonable regulation by the state in the exercise of its police power. *MARTA v. Datry,* supra. A property owner or business has no right to traffic flow past the property in question, and a change in traffic pattern is not compensable. *Dept. of Transp. v. Coley,* 184 Ga. App. 206, 208 (1) (c) (360 SE2d 924) (1987). Further, mere circuity of travel, which does not interfere with the ingress and egress to property, provides no cause of action. *Dept. of Transp. v. Katz,* supra.

However, where the damage resulting from such inconvenience is based upon the impairment of the right of access to the property, that damage is special and may be compensable. Evidence of matters otherwise noncompensable, such as inconvenience and circuity of travel, is admissible to show the impairment of the right of access. *Dept. of Transp. v. Whitehead,* 253 Ga. 150 (317 SE2d 542) (1984). "It is up to the trier of fact to decide if there has been substantial impairment and if so, the value. Whether a property owner has 'reasonable access' to the property under the circumstances and whether the existing access was 'substantially interfered with' are questions of fact to be decided by the jury. [Cit.]" *Circle K General v. Dept. of Transp.,* 196 Ga. App. 616, 618 (396 SE2d 522) (1990). The proper measure of consequential damages to the remaining property is the diminution, if any, in the market value of the remainder in its circumstance just prior to the taking compared with its market value in its new circumstance just after the taking. *Wright v. MARTA,* 248 Ga. 372, 376 (283 SE2d 466) (1981).

In summary, matters such as any change in traffic flow or pattern, the location of the exit ramp and the replacement of a stop sign with a yield sign, the configuration of the lanes on Moreland Avenue, and the expected traffic activity resulting from the use of the strip of property taken provide no basis, in their own right, for compensating Taylor. However, those circumstances are appropriate and admissible for the limited purpose of showing the degree of impairment to the right of access to the property in question. For that reason, the trial court erred in granting the DOT's motion in limine.

2. Properties on another street were used as comparables to show the value of the subject property before the taking. However, Taylor was not allowed to adduce testimony that because of a lack of traffic volume, the other properties were not suitable for traffic-oriented businesses and thus were not comparable to the property in question. In *Dept. of Transp. v. Petkas*, 189 Ga. App. 633 (6) (377 SE2d 166) (1988), this court held that the DOT should have been allowed to present evidence that a high traffic count was not entirely advantageous, because of a greater incidence of traffic accidents, and therefore detracted from a property's value. If evidence of high traffic volume is admissible to show comparable value, evidence of low traffic volume should likewise be admissible for that purpose.

3. The trial court did not err in instructing the jury that it could not consider any diminution in the value of the remaining property that may result from the DOT's expanded use of its right-of-way existing before the taking. *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980); *Mason v. Dept. of Transp.*, 159 Ga. App. 471 (283 SE2d 690) (1981). Also, the trial court adequately informed the jury about consequential damages to the remaining property and the appropriate measure of damages, and no error resulted from the refusal to give the exact jury charge on those matters requested by Taylor. *Skipper v. Dept. of Transp.*, 197 Ga. App. 634 (5) (399 SE2d 538) (1990).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 26, 1993 —
RECONSIDERATION DENIED MARCH 10, 1993 —

*Ellenberg & Associates, Richard D. Ellenberg*, for appellant.
*Michael J. Bowers, Attorney General, Dwyer & White, J. Matthew Dwyer, Jr., Anne W. Sapp*, for appellee.