S93G0971. DEPARTMENT OF TRANSPORTATION v. TAYLOR.
(440 SE2d 652)

FLETCHER, Justice.

We granted certiorari in *Dept. of Transp. v. Taylor*, 207 Ga. App. 707 (429 SE2d 108) (1993), to consider whether the case involves a taking or obstruction of existing access rights which would authorize introduction of evidence of circuity of travel and inconvenience caused by the project to establish consequential damages to the remainder of Taylor's property. Because we find that it does not involve such a taking, we reverse Division 1 of the Court of Appeals' opinion.

This DOT project involves the widening and improving of the Moreland Avenue/I-20 bridge in Atlanta. Taylor's property is bounded on the north by DOT property previously acquired for I-20 and on the east by Moreland Avenue. As a part of the project DOT filed this action to acquire 0.076 acres of Taylor's land. When this action was filed, Taylor's property was accessed by three driveways to Moreland Avenue and had no access to I-20.

As a part of his consequential damages claim, Taylor asserted damages based on loss of convenient access to Moreland Avenue. Because the three new driveways accessing Taylor's property to Moreland Avenue are the same width, at the same location on the Moreland Avenue right of way and have not otherwise been physically changed, the trial court granted DOT's motion in limine excluding

evidence relating to circuity of travel, changes in volume, direction or flow of traffic on Moreland Avenue or I-20, a stop sign on the I-20 exit ramp, changes in lanes, and changes in use of DOT's previously existing I-20 property.

The Court of Appeals reversed holding that, while providing no separate or independent basis for compensating Taylor, evidence "such as any change in traffic flow or pattern, the location of the exit ramp and the replacement of a stop sign with a yield sign, the configuration of the lanes on Moreland Avenue, and the expected traffic activity resulting from the use of the strip of property taken" is admissible for the limited purpose of showing the degree of impairment to the right of access to the property in question.

1. Taylor seeks to introduce evidence of circuity of travel and inconvenience caused by traffic flow and traffic patterns for the purpose of enhancing his claim for consequential damages to his remainder property. In a land condemnation case, consequential damage is

> damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned, including its proper maintenance and operation, and the measure of these consequential damages is the diminution in the market value of the remainder of the property proximately arising from these causes.

*Dept. of Transp. v. Simon*, 151 Ga. App. 807, 810 (261 SE2d 710) (1979). Therefore, Taylor's recoverable consequential damages are limited to those damages naturally and proximately arising from the taking of the 0.076-acre tract and devoting it to the public purpose for which it is condemned. *Mason v. Dept. of Transp.*, 159 Ga. App. 471 (283 SE2d 690) (1981).

2. When property is contiguous to a public road, the right of access or easement of access to such public road is a property right arising from the ownership of such land.[1] *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905) (1975). When this action was filed Taylor's access to Moreland Avenue was by means of three driveways.

3. As a result of this DOT project, Taylor claims that traffic patterns will cause a change in the traffic flow in front of his property at its points of access, the three driveways on Moreland Avenue, making it more difficult to enter and exit his remaining property.

(a) In order to determine whether inconvenience of access to a public road is compensable, in this case a factor which can be considered in determining consequential damages to the remainder, it must

---

[1] Of course, such rights can be lost by sale or condemnation.

first be determined whether the inconvenience is that which is shared by the public in general, which is not compensable, or that which is special to the landowner, which is compensable. *MARTA v. Fountain*, 256 Ga. 732, 733 (352 SE2d 781) (1987).

(b) Inconvenience shared by the public in general, such as changing the traffic pattern from two-way to one-way traffic, *Dept. of Transp. v. Katz*, 169 Ga. App. 310 (312 SE2d 635) (1983); placing a permanent dead end across a road a short distance from the property, *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963); circuity of travel, i.e., changes resulting in longer drive to reach a particular destination, *Floyd County v. Griffin*, 109 Ga. App. 802 (137 SE2d 483) (1964), *State Hwy. Dept. v. Cantrell*, 119 Ga. App. 241 (166 SE2d 604) (1969); and change of traffic pattern, *Dougherty County v. Snelling*, 132 Ga. App. 540 (208 SE2d 362) (1974) are not compensable. Such cases illustrate examples of damages arising from the entire project which are shared by the public in general. "We agree with [DOT] that greater difficulty in ingress and egress which is occasioned by a change in traffic patterns is not an appropriate item of damages in proceedings such as this." *Dept. of Transp. v. Coley*, 184 Ga. App. 206, 208 (360 SE2d 924) (1987).

*Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984) and *Circle K General v. Dept. of Transp.*, 196 Ga. App. 616 (396 SE2d 522) (1990) are inapposite as each case involves a taking of an easement of access as a matter of law. In *Whitehead*, the property owner's direct access to Peachtree/West Peachtree Street was totally eliminated, just as the property owner's direct access to Peachtree Industrial Boulevard was totally eliminated in *Circle K General*. Therefore, in those cases it was appropriate for the trier of fact to decide the extent of the impairment to existing access, as there had been interference with a special right.

(c) Before evidence pertaining to traffic patterns and traffic flow can be introduced for consideration of consequential damages, it must first be shown that the taking of part of the property, here the 0.076-acre tract, has interfered with a special right, the property owner's easement of access to the public road, here Moreland Avenue.

"[O]ne whose right of access from his property to an abutting highway is cut off or substantially interfered with . . . has a special property [right] which entitles him to damages. But if his access is not so terminated or obstructed, *if he has the same access to the highway as he did before the closing, his damage is not special,* but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation."

(Emphasis supplied.) *MARTA v. Fountain*, 256 Ga. at 733, quoting *Tift County v. Smith*, supra. Taylor does not dispute the Court of Appeals' finding that "it was undisputed that the driveways to Taylor's property were unchanged, other than being moved back a few feet." However, Taylor contends that, because at times merging traffic exiting I-20 onto Moreland Avenue will cause a backup of traffic resulting in increased difficulty entering and exiting his remaining property, the trial court erred in excluding evidence of change in traffic flow or pattern, the location of the exit ramp, configuration of lanes on Moreland Avenue, expected traffic activity and the like. Such evidence does not relate to inconvenience or difficulty of access caused by any physical alteration or obstruction to Taylor's former (pre-take) access; rather, it relates to inconvenience caused by traffic flow and traffic volume, an inconvenience shared by the public in general.

> Unless the changes include items which amount to a taking of [Taylor's] property . . . , such as installing curbs which prevent access to [his] adjacent property, the claim of damage is common with that which might be made by the general public, and is not recoverable.

*Dougherty County v. Snelling*, 132 Ga. App. at 544. The trial court did not err when it granted DOT's motion in limine[2] excluding evidence which was not relevant to Taylor's recoverable damages.

4. Whether there is a compensable taking of an adjoining property owner's easement of access to a public road is a question of law to be determined by the court. *MARTA v. Fountain*, 256 Ga. at 734. In granting DOT's motion in limine, the trial court impliedly determined that this case does not involve any compensable taking of Taylor's easement of access to Moreland Avenue. The evidence at trial conclusively supports such determination as a matter of law.

*Judgment reversed. All the Justices concur, except Sears-Collins and Hunstein, JJ., who dissent.*

SEARS-COLLINS, Justice, dissenting.

As the majority recognizes, Taylor claims that he is entitled to compensation for consequential damages caused by the DOT's inter-

---

[2] A motion in limine is an appropriate method of raising these evidentiary issues. " 'The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach.' [Cits.]" *Reno v. Reno*, 249 Ga. 855 (295 SE2d 94) (1982).

ference with his right of access to the remainder of his property, which resulted from the condemnation. While I make no determination with respect to the merits of Taylor's claim for consequential damages, I disagree with the majority's conclusion that the claim was properly resolved by the trial court on motion in limine, and therefore I dissent.

In Division 4, the majority states that "[w]hether there is a compensable taking of an adjoining property owner's easement of access to a public road is a question of law to be determined by the court." I disagree. The Court of Appeals has specifically held that

> [i]t is up to the trier of fact to decide if there has been substantial impairment [to a property owner's right of access] and if so, the value. Whether a property owner has "reasonable access" to the property under the circumstances *and whether the existing access was "substantially interfered with"* are questions of fact to be decided by the jury. [Cit.]

(Emphasis supplied.) *Circle K General v. Dept. of Transp.*, 196 Ga. App. 616, 618 (396 SE2d 522) (1990) (cert. denied). The majority states that *Circle K* is "inapposite" because it "involves a taking of an easement of access as a matter of law." Majority opinion, p. 19. That conclusion is not well-founded. A "taking of an easement of access" can occur when access is eliminated, see *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 151 (317 SE2d 542) (1984), or when access is substantially interfered with, see *Dougherty County v. Hornsby*, 213 Ga. 114, 117 (97 SE2d 300) (1957). As the above quoted language demonstrates, *Circle K* holds that whether there has been "substantial interference" with a right of access, in other words "a taking of an easement of access," is a question of fact for the jury. Therefore, the majority's basis for distinguishing *Circle K* is inconsistent with the very language of that case.

For the holding in Division 4, the majority cites *MARTA v. Fountain*, 256 Ga. 732 (352 SE2d 781) (1987), an inverse condemnation case. In *Fountain*, this court stated that "[t]he issue of condemnation or not is ordinarily a question of law for the courts, and MARTA should have prevailed as a matter of law." Id. at 734. *Fountain* relied for that statement on *Piedmont Cotton Mills v. Ga. R. &c. Co.*, 131 Ga. 129, 134 (62 SE 52) (1908) and *Atlantic R. &c. Co. v. Penny*, 119 Ga. 479 (46 SE 665) (1903). Those cases involve a condemnee's challenge to the necessity of the condemnation itself — whether the amount of land condemned was actually necessary to the public purpose being served — and in each case the court held that while a jury has the power to consider the amount of compensation, a challenge to the necessity of the condemnation must be made to a

court with the power to grant equitable relief. In this case, however, Taylor does not challenge the necessity of the condemnation or the DOT's authority to take the condemned property. Rather, Taylor argues that the DOT's condemnation has had the effect of interfering with his right of access to his remaining property, and for that he should be compensated. The jury's consideration of whether there was compensable interference with the right of access would relate only to its determination of the amount of compensation to which Taylor is entitled, which is not an "issue of condemnation or not," as in *Fountain*, but a question of fact for the jury to resolve.

Furthermore, while a trial court has the power to find, as a matter of law, that the evidence is insufficient to support a claim, such a decision must be made on proper motion. It appears from the record that the trial court's decision to exclude evidence of consequential damages was based not on evidentiary grounds, but upon the sufficiency of the evidence supporting Taylor's claim of compensable interference with his right of access. Thus, I believe that the trial court's removing the issue of consequential damages from the jury in this fashion was error because

> an asserted *insufficiency* in the condemnee's evidence [of consequential damages] . . . is not appropriately resolved on a motion in limine. A motion in limine determines the *admissibility* of evidence. A motion for summary judgment or for a directed verdict would be the appropriate means by which to invoke a ruling as to the sufficiency of the condemnee's evidence.

(Emphasis in original.) *Buck's Svc. Station v. Dept. of Transp.*, 191 Ga. App. 341 (1) (381 SE2d 516) (1989).[3] See also *Exxon Corp. v. Dept. of Transp.*, 202 Ga. App. 43 (413 SE2d 238) (1991).

As the question of compensable interference with the right of access is one for the jury and the sufficiency of the evidence should not be determined on motion in limine, I would affirm the result reached by the Court of Appeals.

I am authorized to state that Justice Hunstein joins in this dissent.

---

[3] In support of its position that a motion in limine was appropriate to determine whether the issue of substantial impairment should be taken from the jury, the DOT relied on *Cann v. MARTA*, 196 Ga. App. 495 (396 SE2d 515) (1990). However, the evidence precluded on motion in limine in *Cann* either was irrelevant, was related to an issue which had been waived, or was related to an issue which the trial court had the power to determine. The evidence precluded in this case, on the other hand, is relevant to the issue of substantial impairment, and that issue is specifically slated for jury determination, *Circle K General v. Dept. of Transp.*, supra.

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED MARCH 18, 1994.

*Dwyer & White, J. Matthew Dwyer, Jr., Anne W. Sapp,* for appellant.

*Ellenberg & Associates, Richard D. Ellenberg, Thomas A. Bowman,* for appellee.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo Lanier Meeks,* amicus curiae.