A98A0460. EASTSIDE PROPERTIES v. DEPARTMENT OF
TRANSPORTATION.
(498 SE2d 769)

BLACKBURN, Judge.

Eastside Properties brought an inverse condemnation action against the Georgia Department of Transportation (DOT), claiming that the DOT's construction of certain traffic control devices which diminished access to its property gave rise to a compensable taking. The trial court granted summary judgment in favor of the DOT, and we affirm.

In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. *Goring v. Martinez,* 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citation and emphasis omitted.) *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

Eastside owns certain property near the intersection of Young's Mill Road, Commerce Avenue, and Hogansville Road in LaGrange, Georgia. Eastside's property has a single driveway abutting Young's Mill Road, at a point just south of the intersection. To improve the flow of traffic and increase safety, the DOT reconfigured this intersection, constructing traffic control devices such as raised traffic islands and striped island markings and repositioning traffic "stop bars." These modifications were made to prevent unsafe and uncontrolled movements of traffic across and along the public streets in

question. The DOT project did not physically alter Eastside's driveway.

Eastside contends that the DOT project affected the use of its property in several ways. First, Eastside argues that the repositioning of a stop bar associated with a nearby traffic signal from the south to the north of its entrance to Young's Mill Road resulted in the blockage of such entrance more than 50 percent of the time on each business day. In other words, Eastside contends that cars stopped at the traffic signal blockade its driveway entrance. In addition, Eastside argues that the construction of a traffic island and accompanying traffic lines limits its access to the other roads in the intersection; however, Eastside's access has not been removed, only made more circuitous.[1] Eastside claims that the DOT's traffic project has thus diminished the value of its property by at least $135,000.

Viewing the evidence in the light most favorable to Eastside, there is no question that gaining access to the public roads comprising the intersection from its property may have been made more difficult. However, the relevant issue here is whether this increased difficulty constitutes a compensable taking.

Whether there is a compensable taking of an adjoining property owner's easement of access to a public road is a question of law to be determined by the court. *MARTA v. Fountain*, 256 Ga. 732, 733 (352 SE2d 781) (1987). "In order to determine whether inconvenience of access to a public road is compensable . . . it must first be determined whether the inconvenience is that which is shared by the public in general, which is not compensable, or that which is special to the landowner, which is compensable." *Dept. of Transp. v. Taylor*, 264 Ga. 18, 19-20 (3) (a) (440 SE2d 652) (1994). "Inconvenience shared by the public in general, such as changing the traffic pattern from two-way to one-way traffic, *Dept. of Transp. v. Katz*, 169 Ga. App. 310 (312 SE2d 635) (1983); placing a permanent dead end across a road a short distance from the property, *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963); circuity of travel, i.e., changes resulting in [a] longer drive to reach a particular destination, *Floyd County v. Griffin*, 109 Ga. App. 802 (137 SE2d 483) (1964), *State Highway Department v. Cantrell*, 119 Ga. App. 241 (166 SE2d 604) (1969); and change of traffic pattern, *Dougherty County v. Snelling*, 132 Ga. App. 540 (208 SE2d 362) (1974) are not compensable." Id. at 20 (3) (b). Furthermore, *"if [a landowner] has the same access to the highway as he did before the closing, his damage is not special, . . .* although it may be greater in degree, as that of the general public, and he has lost no

---

[1] We note that some of the maneuvers across the intersection which Eastside claims are now prevented are the same uncontrolled maneuvers which the DOT intended to prevent in order to increase public safety and avoid confusion by drivers.

property right for which he is entitled to compensation." (Punctuation omitted.) Id. at 20 (3) (c).

In *Taylor*, supra, the Supreme Court considered claims by the plaintiff that the DOT's taking of .076 acres of his land and widening of a bridge damaged him because it would cause a backup of traffic resulting in increased difficulty entering and exiting his property. The Court held that "[s]uch evidence does not relate to inconvenience or difficulty of access caused by any physical alteration or obstruction to [the plaintiff's] former (pre-take) access; rather, it relates to inconvenience caused by traffic flow and traffic volume, an inconvenience shared by the public in general. Unless the changes include items which amount to a taking of [the plaintiff's] property, such as installing curbs which prevent access to his adjacent property, the claim for damage is common with that which might be made by the general public, and is not recoverable." (Punctuation omitted.) Id. at 21 (3) (c).

Here, as in *Taylor*, the plaintiff's driveway has not been altered, and it still accesses the same public road it did prior to the DOT project. Only the flow of traffic has been altered, which in turn causes some inconvenience to Eastside. This inconvenience, however, does not give rise to a compensable taking which would support Eastside's claim of inverse condemnation. See *Taylor*, supra; *Dept. of Transp. v. Bridges*, 268 Ga. 258 (486 SE2d 593) (1997).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 13, 1998.

*Rosensweig, Karn, Jones & MacNabb, Joseph P. MacNabb*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Ray O. Lerer, Senior Assistant Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General*, for appellee.