45331.   SOUTHERN RAILWAY COMPANY v. BREWER et al.

QUILLIAN, Judge. Rebecca Brewer brought suit against Central of Georgia Railway Company and Southern Railway Company. The action was subsequently dismissed as to Central and Appellant is now the sole defendant in the case; the petition alleged that Mrs. Brewer was injured while riding as a passenger in an automobile being operated by her husband when that automobile was involved in a collision with a train being operated by defendant's agents; defendant moved to serve a third-party complaint on the husband; the husband moved to deny the defendant's motion prior to the time of service but the court elected to allow service of the complaint and then to rule on the motion to deny service as if it had been a motion to strike.

The theory of the third-party complaint was that the defendant railway would be entitled to contribution from the husband for any judgment obtained against it by Rebecca Brewer. The third-party complaint as amended alleged gross negligence on

the part of the third-party defendant. The court sustained the motion of the husband and struck the third-party complaint as amended. The defendant obtained a certificate of immediate review and the case is here for review. *Held:*

The question for determination is whether the defendant could bring in the plaintiff's husband as a third-party defendant. *Code Ann.* § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979). The appellant contends that it would have a right of contribution from the plaintiff's husband for any judgment the plaintiff recovered because he was a joint tortfeasor. With this contention we cannot agree.

In *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 803 (165 SE2d 587), this court cited with approval O'Steen v. Lockheed Aircraft Corp., 294 FSupp. 409, 412 (1968), wherein it was held that under *Code Ann.* § 105-2012 the right to contribution relates only to joint tortfeasors and where the proposed third-party defendant cannot be made liable as a joint tortfeasor the third-party complaint does not state a claim. The appellant contends the ruling in the *Lester* case was dictum. Assuming but not deciding this to be true, the reasoning therein is sound. In the case sub judice the plaintiff's husband is not subject to suit by the plaintiff for negligence and therefore could not be a joint tortfeasor. *Wright v. Wright,* 85 Ga. App. 721 (70 SE2d 152). The sustaining of the motion to strike the third-party complaint was not error.

> *Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
> Argued May 4, 1970—Decided June 19, 1970—
> Rehearing denied July 28, 1970—■

*Bloch, Hall, Hawkins & Owens, F. Kennedy Hall,* for appellant.
*O. L. Crumbley,* for appellees.