A03A0190. GEORGIA PORTS AUTHORITY et al. v. ANDRE RICKMERS SCHIFFSBETEILIGUNGSGES MBH & COMPANY KG.
A03A0191. GEORGIA PORTS AUTHORITY et al. v. HINES et al.

(585 SE2d 883)

PHIPPS, Judge.

Johnny Lee Hines sued the Georgia Ports Authority (GPA), Paul J. Wood, Jr., Andre Rickmers Schiffsbeteiligungsges mbH & Company KG (Andre Rickmers) and other entities for injuries he sustained while working on a ship at a GPA-owned facility on the Savannah River. His wife, Elsie Hines, asserted a claim for loss of consortium. Andre Rickmers, the ship owner, filed a cross-claim against the GPA and Wood, a GPA employee. The GPA and Wood moved to dismiss both the Hineses' complaint and Andre Rickmers's cross-claim. The trial court denied both motions to dismiss.

In Case No. A03A0190, the GPA and Wood appeal the denial of their motion to dismiss the cross-claim. In Case No. A03A0191, they appeal the denial of their motion to dismiss the Hineses' complaint. We affirm the trial court's denial of the motions to dismiss the claims

against Wood, but reverse the court's denial of the motions to dismiss the claims against the GPA.[1]

On January 15, 1999, Hines was working as a longshoreman at the GPA's Garden City Container Terminal. He was aboard a seagoing vessel on navigable waters of the United States. His ship was being loaded by a container crane owned by the GPA and operated by Wood. While operating the crane, Wood caused one container to strike another and dislodged several "locking shoes," one of which struck and injured Hines.

Hines asserted tort claims under general federal maritime law against the GPA, Wood, Andre Rickmers, and others. The GPA and Wood answered and moved to dismiss. The GPA argued that its state law sovereign immunity was waived only to the extent provided by the Georgia Tort Claims Act[2] (GTCA) and that because Hines failed to comply with the ante litem notice provisions of the GTCA,[3] his claims must be dismissed. The GPA also argued that it was immune from suit under the Eleventh Amendment to the United States Constitution. Wood argued that under the GTCA, he was not subject to suit because he was acting within the course and scope of his employment at the time of Hines's injury.[4] The trial court denied the motion to dismiss based on its determination that federal maritime law preempted the provisions of the GTCA and that, in this case, the state had waived any immunity conferred by the Eleventh Amendment when it established the GPA.

In its answer, Andre Rickmers asserted a cross-claim against the GPA and Wood for contribution and indemnity. The GPA and Wood moved to dismiss the cross-claim for failure to comply with the GTCA's ante litem notice requirements. The trial court denied the motion as moot, based on its previous order, and held that the GTCA did not require ante litem notice for cross-claims.

*Case No. A03A0191*

1. Are the GPA and Wood protected from suit by state sovereign immunity?

Initially, we note that maritime tort claims may be brought in state court pursuant to the "saving to suitors" clause in 28 USC § 1333.[5] The parties do not dispute that the claims asserted by Hines are maritime claims subject to this provision.

---

[1] We consider the appeals in reverse chronological order.

[2] OCGA § 50-21-20 et seq.

[3] See OCGA § 50-21-26.

[4] See OCGA § 50-21-25 (a).

[5] *Offshore Logistics v. Tallentire*, 477 U. S. 207, 222-223 (106 SC 2485, 91 LE2d 174) (1986).

In *Workman v. Mayor &c. of New York City*,[6] the United States Supreme Court considered whether a New York City law that granted immunity to the city's agents and employees was applicable to a maritime law claim. The court held that "the local decisions of one or more [s]tates cannot, as a matter of authority, abrogate the maritime law."[7] The court reasoned that allowing states to avoid maritime claims by asserting sovereign immunity would result in the "practical destruction of a uniform maritime law" as "there would be no general maritime law for the redress of wrongs, as such law would be necessarily one thing in one [s]tate and one in another; one thing in one port of the United States and a different thing in some other port."[8] Under *Workman*, we note that state-conferred sovereign immunity does not protect the GPA or Wood from the federal maritime claims asserted by Hines.[9] But that does not end our analysis because we must consider the application of the Eleventh Amendment of the federal constitution.

2. Does the Eleventh Amendment to the United States Constitution provide the GPA immunity from the federal maritime claims asserted by Hines?

The Eleventh Amendment to the United States Constitution provides: "The Judicial power to the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The purpose of this amendment is "to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private individuals."[10] Hines argues that the Eleventh Amendment does not protect the GPA in this case, but we disagree.

"It has long been settled that the reference [in the Eleventh Amendment] to actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."[11] For purposes of determining Eleventh Amend-

---

[6] 179 U. S. 552 (21 SC 212, 45 LE 314) (1900).

[7] Id. at 563; see also *Connone v. Transport Desgagnes*, 976 FSupp. 1111, 1112 (N.D. Ohio 1996).

[8] *Workman*, supra at 558.

[9] We do not here address the extent to which the state has waived its sovereign immunity under the GTCA because the GTCA only affects actions in which sovereign immunity would otherwise apply.

[10] (Citation and punctuation omitted.) *Ramsey v. Hamilton*, 181 Ga. 365, 375 (182 SE 392) (1935).

[11] (Citations omitted.) *Regents &c. of California v. Doe*, 519 U. S. 425, 429 (117 SC 900, 137 LE2d 55) (1997).

ment immunity, the GPA is an instrumentality of the State of Georgia.[12]

> That a [s]tate may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a [s]tate without consent given. . . . Nor is the admiralty and maritime jurisdiction exempt from the operation of the rule.[13]

Thus, Eleventh Amendment immunity applies to a federal maritime claim asserted by a private party against a nonconsenting state in a federal court.[14] In *Alden v. Maine*,[15] the United States Supreme Court held that states retain immunity from private suit in their own courts, and that that immunity cannot be abrogated by legislation enacted by the United States Congress under its Article I powers.[16] A state therefore retains its immunity from private suits arising under Article I legislation, even if those suits are brought in state court.[17] Based on these principles, we conclude that the GPA is entitled to immunity from the federal maritime claims asserted by Hines, unless that immunity has been waived.

3. Has the State of Georgia waived immunity under the Eleventh Amendment in establishing the GPA?

The trial court ruled that the statute establishing the GPA, OCGA § 52-2-4, constituted a waiver of Eleventh Amendment immunity. That statute provides:

> There is created a body corporate and politic, to be known as the Georgia Ports Authority, which shall be deemed to be an instrumentality of the State of Georgia and a public corporation; and by that name, style, and title the authority may contract and be contracted with, sue and be sued, implead and be impleaded, and complain and defend in all courts.

---

[12] See *Hodges v. Tomberlin*, 510 FSupp. 1280, 1281 (S.D. Ga. 1980).

[13] *In the Matter of the State of New York*, 256 U. S. 490, 497 (41 SC 588, 65 LE 1057) (1921).

[14] See id.

[15] 527 U. S. 706 (119 SC 2240, 144 LE2d 636) (1999).

[16] Id. at 754.

[17] Id.

"[W]hether a particular set of state laws, rules, or activities amounts to a waiver of the State's Eleventh Amendment immunity is a question of federal law."[18] Until *Alden v. Maine*,[19] this inquiry would necessarily have been conducted in federal court and would have considered whether a state had acted to waive its immunity by consenting to suit in federal court. Here, we conduct virtually the same inquiry in state court. Although Georgia state courts have not previously considered this precise issue, in *Hodges v. Tomberlin*,[20] the United States District Court for the Southern District of Georgia held that the legislation creating the GPA waived its immunity with respect to suit in that court.[21] But the *Hodges* decision conflicts with decisions of the United States Supreme Court which have recognized that the test for determining whether a state has waived Eleventh Amendment immunity is a stringent one and held that such immunity is not waived "merely by consenting to . . . 'sue and be sued' " or "even by authorizing suits against it ' "in any court of competent jurisdiction." ' "[22] We therefore conclude that the legislation creating the GPA does not waive the state's Eleventh Amendment immunity. Nor has the state waived immunity under the Eleventh Amendment pursuant to the GTCA, which specifically disavows any intent to waive the state's Eleventh Amendment immunity.[23] Thus, the trial court erred by denying the GPA's motion to dismiss.

4. Is Wood entitled to immunity under the Eleventh Amendment?

The Eleventh Amendment bars actions for damages against state officials in their official capacities because such actions seek recovery from state funds.[24] But the Eleventh Amendment does not bar actions for damages against state officials in their individual capacities, which seek recovery from the officials' personal funds.[25] In determining whether an official is being sued in his official capacity or in his individual capacity, courts look at the complaint and the course of proceedings.[26]

---

[18] *Lapides v. Bd. of Regents &c. of Ga.*, 535 U. S. 613, 623 (122 SC 1640, 152 LE2d 806) (2002).

[19] Supra.

[20] Supra.

[21] Id.; but see *Miller v. Ga. Ports Auth.*, 217 Ga. App. 876, 877 (1) (460 SE2d 100) (1995) (OCGA § 52-2-4's "sue and be sued" language does not constitute waiver of state-conferred sovereign immunity).

[22] (Citations omitted.) *College Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U. S. 666, 675-676 (119 SC 2219, 144 LE2d 605) (1999).

[23] See *McCall v. Dept. of Human Resources*, 176 FSupp.2d 1355, 1362 (M.D. Ga. 2001); OCGA § 50-21-23 (b).

[24] *Hobbs v. Roberts*, 999 F2d 1526, 1528 (11th Cir. 1993).

[25] Id.; *Jackson v. Ga. Dept. of Transp.*, 16 F3d 1573, 1575 (11th Cir. 1994).

[26] *Ward v. Dodson*, 256 Ga. App. 660, 662 (569 SE2d 554) (2002); *Jackson*, supra; *Hobbs*, supra.

In this case, the caption of the complaint did not specify whether Wood was being sued individually or officially. There was no allegation, however, that Wood was an official of the GPA who would be an appropriate GPA representative in this litigation. Moreover, if the Hineses had intended to recover merely from the GPA, not from Wood individually, they need not have named both entities as defendants.[27] And the complaint alleged that the defendants acted "jointly and severally" to injure Hines. An allegation of several liability indicates that if the Hineses prevailed, the GPA might pay no portion of their recovery and that Wood, possibly in conjunction with other defendants, might pay the entire judgment.[28] Finally, nothing in the complaint or course of proceedings indicates that the Hineses did *not* intend to sue Wood individually.

Thus, we conclude that Wood was sued in his individual capacity and therefore is not cloaked with Eleventh Amendment immunity.[29] The trial court did not err in denying the motion to dismiss the Hineses' claims against Wood.

## Case No. A03A0190

5. The GPA and Wood moved to dismiss Andre Rickmers's state law cross-claims against them for contribution and indemnity. They argued that Andre Rickmers was required to provide ante litem notice prior to asserting those claims and failed to do so. The trial court denied the motion, and the GPA and Wood appeal.

(a) Does Andre Rickmers have a right to contribution or indemnity from the GPA?

A tortfeasor is generally entitled to contribution or indemnity from a joint tortfeasor.[30] An alleged joint tortfeasor who cannot be held liable on the underlying tort claim cannot be held liable for contribution or indemnity.[31] Because the GPA cannot be held liable on Hines's federal maritime tort claims by reason of Eleventh Amendment immunity, it cannot be liable to Andre Rickmers for contribu-

---

[27] See *Hobbs*, supra at 1530 ("to impose *official* liability on a government entity amenable to suit, a plaintiff need do no more than name the government entity defendant; it is unnecessary also to name specific agents").

[28] See id. at 1531.

[29] The GPA asserts that Wood is immune from suit under the GTCA because he was acting within the scope of his employment when Hines was injured. See OCGA § 50-21-25 (a). But whether Wood was acting within the scope of his employment for the purpose of the GTCA is a different question from whether he has been sued in his individual or official capacity for the purpose of Eleventh Amendment immunity.

[30] See OCGA § 51-12-32; *Southern R. Co. v. Brewer*, 122 Ga. App. 292, 293 (176 SE2d 665) (1970).

[31] *Brewer*, supra.

tion or indemnity. Thus, the trial court should have dismissed the cross-claim against the GPA.

(b) Does Andre Rickmers have a right to contribution or indemnity from Wood?

Wood, who may be sued in his individual capacity on the underlying federal maritime tort claim, may be liable to Andre Rickmers for contribution and indemnity, provided he is not entitled to any state law immunity against claims for contribution and indemnity. The GTCA prohibits state law tort claims against a state employee who commits a tort while acting within the scope of his official duties or employment; instead the state government entity for whom the state employee was acting must be named as a party defendant.[32] This prohibition presumably extends to claims for contribution and indemnity. The question, then, is whether Wood was acting within the scope of his official duties or employment when the alleged tort occurred. If he was, the GTCA presumably prohibits claims against him for contribution or indemnity,[33] which means that the ante litem notice requirements would be inapplicable as to Wood. If not, the GTCA would not apply to shield him from suit or to require that ante litem notice be given.[34] Because this is a question of fact which cannot be resolved on a motion to dismiss for failure to state a claim,[35] the trial court properly denied the motion to dismiss the cross-claim against Wood.

*Judgments affirmed in part and reversed in part in both cases. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 16, 2003 —
RECONSIDERATION DENIED JULY 31, 2003 — 

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, George S. Zier, Assistant Attorney General, Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Mary K. Moss, for appellants.*

*Hunter, Maclean, Exley & Dunn, Robert S. Glenn, Jr., Colin A. McRae, Marc G. Marling, David F. Sipple, Clark & Clark, Fred S.*

[32] See OCGA § 50-21-25 (a), (b).
[33] See id.
[34] See id.
[35] See *Bakhtiarnejad v. Cox Enterprises*, 247 Ga. App. 205, 207-208 (1) (541 SE2d 33) (2000) (discussing standard of review on motion to dismiss for failure to state a claim).

*Clark, Jones, Boykin, Stacy & Associates, Noble L. Boykin, Jr.,* for appellees.