A09A0552. STATE OF GEORGIA, DEPARTMENT OF
TRANSPORTATION v. DOUGLAS ASPHALT COMPANY.
(677 SE2d 699)

BLACKBURN, Presiding Judge.

In this civil action arising out of an interstate construction and paving project, Douglas Asphalt Company sued the Georgia Department of Transportation ("DOT") for breach of contract, claiming that DOT wrongfully declared Douglas Asphalt to have defaulted on the contract and that DOT failed to pay for various project cost over-runs. DOT counterclaimed on breach of contract grounds, alleging that Douglas Asphalt had defaulted on its obligations under the contract. DOT appeals the trial court's order partially granting Douglas Asphalt's motion in limine to exclude evidence of DOT's calculations of its damages, arguing that the court wrongly ruled on the sufficiency of its damages evidence rather than on its admissi-

---

[9] OCGA §§ 15-18-21; 15-18-72.

bility, and that its damages evidence, including evidence of attorney fees incurred, is admissible. For the reasons set forth below, we reverse.

"The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." (Punctuation omitted.) *Mon Ami Intl. v. Gale.*[1] However,

> [b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.

(Citation omitted.) *Andrews v. Wilbanks.*[2] See *Hand v. Pettitt.*[3]

In this matter, the record shows that in 2000, DOT entered into a contract with Douglas Asphalt, in which the latter was hired to widen and re-pave parts of Interstate 75 in Crisp and Turner Counties. Within a year or two after the highway improvement project's commencement, some initial testing by DOT caused it to suspect that some of the hot-mix asphalt, which had been used by Douglas Asphalt for re-paving Interstate 75 and other similar projects, contained less than the minimum amount of hydrated lime required by the contract. Under the contract, hydrated lime was to be added to the asphalt mix at a minimum rate of one percent of the total dry aggregate weight. Because hydrated lime added to an asphalt mix containing granite helps to make the finished pavement less susceptible to moisture and thus more durable, this deficiency caused DOT to further test Douglas Asphalt's product. Thereafter, an investigation and audit of various Douglas Asphalt records, including the records related to its Cordele plant, indicated that in 2002, Douglas Asphalt had procured less than 58 percent of the hydrated lime that was required by the contract for the Crisp and Turner highway improvement project. Specifically, the contract's specifications required 2,941.53 tons of lime for the asphalt mix produced at the Cordele plant in 2002. However, during that time, records indicated that only 1,652.3 tons of lime were delivered to the plant. Based on the assumption that the plant's silo, which is capable of holding 40 tons of lime, was full at the beginning of 2002, the audit

---

[1] *Mon Ami Intl. v. Gale*, 264 Ga. App. 739, 740 (1) (592 SE2d 83) (2003).

[2] *Andrews v. Wilbanks*, 265 Ga. 555, 556 (458 SE2d 817) (1995).

[3] *Hand v. Pettitt*, 258 Ga. App. 170, 171 (1) (a) (573 SE2d 421) (2002).

indicated that there was still a shortage of 1,249.23 tons (42 percent) in the amount of required lime. As a result of this audit and additional testing, DOT informed Douglas Asphalt that any nonconforming asphalt used in the project would have to be replaced.

In August 2004, Douglas Asphalt filed suit against DOT in the Superior Court of Coffee County for breach of contract, alleging that DOT had wrongfully found Douglas Asphalt to be in default of the highway improvement contract and that DOT had failed to pay for project cost over-runs. DOT filed an answer and counterclaim, which was based on breach of contract grounds, and also successfully moved to transfer venue to the Superior Court of Turner County. On December 14, 2006, DOT proffered a representative pursuant to OCGA § 9-11-30 (b) (6) to provide deposition testimony on the methods by which DOT had calculated its breach of contract damages. During that deposition, the DOT representative testified that DOT had calculated damages under four alternative theories, which included: (1) benefit of the bargain (diminution in value of the asphalt mix); (2) benefit of the bargain (applying lime shortage to total value of asphalt mix as properly constructed); (3) annualized cost; and (4) cost to remove and replace the nonconforming asphalt. On that same day, DOT proffered a second 30 (b) (6) representative to testify regarding DOT's liquidated damages based on Douglas Asphalt's delays in completing the highway improvement contract. Shortly thereafter, Douglas Asphalt filed a motion in limine to exclude evidence of DOT's damages calculations, including attorney fees.

A hearing on the issue was held, and on June 12, 2008, the trial court issued an order partially granting Douglas Asphalt's motion in limine to exclude DOT's damages evidence, including attorney fees. Specifically, the court ruled that the only damages evidence not excluded was evidence of DOT's liquidated damages, which were based on Douglas Asphalt's delays in completing the highway improvement contract. A week later, the order was set aside so that the court would have more time to consider DOT's request for a certificate of immediate review. On August 25, 2008, the trial court re-issued its order and also issued a certificate of immediate review. DOT filed an application for interlocutory review, which this Court granted. This appeal followed.

1. DOT contends that the trial court erred in granting Douglas Asphalt's motion in limine to exclude evidence of the calculations for its breach of contract damages, arguing that the court, in effect, improperly granted summary judgment to Douglas Asphalt on the issue of damages. We agree.

"Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was

made, as the probable result of its breach." OCGA § 13-6-2. See *Freightliner Chattanooga v. Whitmire.*[4] Additionally,

> [t]he rule against recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty at fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance.

*Bollea v. World Championship Wrestling.*[5] Furthermore, "[a] motion in limine, which seeks to prevent the introduction of evidence, is not an appropriate vehicle to test the sufficiency of that evidence." *Buck's Svc. Station v. Dept. of Transp.*[6] See *Dept. of Transp. v. White;*[7] *Exxon Corp. v. Dept. of Transp.*[8] Cf. *Dept. of Transp. v. Taylor*[9] (motion in limine is appropriate method to exclude irrelevant evidence).

Here, an audit of Douglas Asphalt records, including the records related to its Cordele plant, indicated that in 2002, Douglas Asphalt had procured less than 58 percent of the hydrated lime that was required by the contract for the Crisp and Turner highway improvement project. Thus, Douglas Asphalt's hot-mix asphalt could not possibly have included the amount of hydrated lime required by the contract's specifications. Based on this deficiency, DOT calculated its damages under four alternative theories: (1) benefit of the bargain (diminution in value of the asphalt mix); (2) benefit of the bargain (applying lime shortage to total value of asphalt mix as properly constructed); (3) annualized cost; and (4) cost to remove and replace the nonconforming asphalt. Douglas Asphalt does not contest the accuracy of DOT's audit. In addition, Douglas Asphalt's expert testified that adding hydrated lime to an asphalt mix containing granite, which is a common aggregate in asphalt made in Georgia, helps to make the finished pavement more durable.

Nevertheless, Douglas Asphalt argues that all of DOT's damages calculations are too speculative to be admissible because DOT is unable to show the exact amount of hydrated lime in each lot (i.e.,

---

[4] *Freightliner Chattanooga v. Whitmire*, 262 Ga. App. 157, 161 (1) (b) (584 SE2d 724) (2003).

[5] *Bollea v. World Championship Wrestling*, 271 Ga. App. 555, 561 (4) (610 SE2d 92) (2005).

[6] *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825, 826 (1) (387 SE2d 877) (1990).

[7] *Dept. of Transp. v. White*, 270 Ga. 281, 283-284, n. 2 (508 SE2d 407) (1998).

[8] *Exxon Corp. v. Dept. of Transp.*, 202 Ga. App. 43 (1) (413 SE2d 238) (1991).

[9] *Dept. of Transp. v. Taylor*, 264 Ga. 18, 21 (3) (c), n. 2 (440 SE2d 652) (1994).

each day's production of asphalt) that Douglas Asphalt produced for the project. In effect, Douglas Asphalt is arguing that DOT is unable to show that Douglas Asphalt's failure to procure the amount of hydrated lime required by the contract actually caused DOT any damages.[10] Thus, Douglas Asphalt is asserting an insufficiency in DOT's damages evidence that is not appropriately resolved on a motion in limine. See *Buck's Svc. Station*, supra, 259 Ga. at 826 (1); *Exxon Corp.*, supra, 202 Ga. App. at 43 (1). Furthermore, "under Georgia law, cost of repair and diminution in value are alternative, although oftentimes interchangeable, measures of damages in negligent construction and breach of contract cases." *John Thurmond & Assoc. v. Kennedy*.[11] See Restatement (Second) of Contracts, § 348. Accordingly, the trial court erred in granting Douglas Asphalt's motion in limine by essentially ruling on the sufficiency of DOT's damages evidence without determining whether there were genuine issues of material fact and without determining that Douglas Asphalt was entitled to judgment as a matter of law. See OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[12]

2. DOT further contends that the trial court erred in granting Douglas Asphalt's motion in limine to exclude DOT's evidence of damages because the grant of that motion also improperly excluded evidence of attorney fees that DOT is seeking under OCGA § 13-6-11. We agree.

OCGA § 13-6-11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made [a] prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

See *Forsyth County v. Martin*.[13] "The question of an award of attorney fees under OCGA § 13-6-11 is for the jury." *Daniel v. Smith*.[14] "A prerequisite to any award of attorney fees under

---

[10] In its motion in limine, Douglas Asphalt also argues that DOT's damages evidence should be excluded for failure to comply with OCGA § 24-9-67.1. However, there is no indication in the trial court's order that it excluded DOT's damages evidence based on findings that the evidence did not meet the requirements of OCGA § 24-9-67.1 (a) or (b), and therefore we will not address this issue. See *Kroger Co. v. Mays*, 292 Ga. App. 399, 402 (664 SE2d 812) (2008).

[11] *John Thurmond & Assoc. v. Kennedy*, 284 Ga. 469, 471 (1) (668 SE2d 666) (2008).

[12] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

[13] *Forsyth County v. Martin*, 279 Ga. 215, 219 (2) (b) (610 SE2d 512) (2005).

[14] *Daniel v. Smith*, 266 Ga. App. 637, 638 (1) (597 SE2d 432) (2004).

OCGA § 13-6-11 is the award of damages or other relief on the underlying claim." *United Cos. Lending Corp. v. Peacock*.[15]

In its motion in limine, Douglas Asphalt argues that because the trial court had previously excluded certain DOT testing evidence under OCGA § 24-9-67.1, DOT could not recover attorney fees incurred in developing that testing evidence even if DOT were to prevail on its breach of contract claim.[16] This contention is without merit. It is true that a party alleging multiple claims may only recover attorney fees attributable to the claim in which they prevailed. See *United Cos. Lending Corp.*, supra, 267 Ga. at 147 (2). However, in this matter, DOT is alleging only that Douglas Asphalt breached the highway improvement contract.

> Once the threshold for awarding the [prevailing party's] expenses of litigation as compensation for [the other party's] stubborn litigiousness or causing unnecessary trouble or expense has been reached, we cannot find any authority requiring the jury to pro-rate fees between various aspects of a discrete cause of action.

*Daniel*, supra, 266 Ga. App. at 641 (3). Accordingly, the trial court erred in excluding evidence of attorney fees on the ground that DOT cannot recover such fees incurred in developing the excluded testing evidence.

3. In light of our holding in Division 1, we need not address DOT's remaining enumerations of error.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED APRIL 10, 2009.

*Thurbert E. Baker, Attorney General, G. Thomas Davis, Assistant Attorney General, Davis, Pickren & Seydel, Paul R. Jordan, William G. Bertram, Donald P. Boyle, Jr.*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, William H. Pinson, Jr., Christopher D. Britt, Spurlin & Spurlin, John C. Spurlin, Kenneth E. Futch, Jr.*, for appellee.

---

[15] *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996).

[16] Earlier in this case, pursuant to OCGA § 24-9-67.1, the trial court granted Douglas Asphalt's motion to exclude evidence of DOT's atomic absorption testing, which was a method by which DOT tested the asphalt for lime content. See *Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421 (671 SE2d 899) (2009).