A09A0450. STATE OF GEORGIA, DEPARTMENT OF TRANSPORTATION v. DOUGLAS ASPHALT COMPANY.

(677 SE2d 728)

BLACKBURN, Presiding Judge.

In the underlying civil action arising out of an interstate construction and paving project, Douglas Asphalt Company sued the Georgia Department of Transportation ("DOT") for breach of contract, claiming that DOT had wrongfully declared that Douglas Asphalt had defaulted on the contract and that DOT had failed to pay for various cost overruns. DOT counterclaimed on breach of contract grounds, alleging that Douglas Asphalt had defaulted on its obligations under the contract. After Douglas Asphalt appealed from

the trial court's partial grant of DOT's second motion for summary judgment, DOT cross-appealed from several rulings, including the trial court's partial grant of two of Douglas Asphalt's motions in limine to exclude certain evidence and its partial denial of DOT's initial motion for summary judgment. However, because we dismissed Douglas Asphalt's direct appeal for failure to file a brief and enumerations of error, we lack jurisdiction over DOT's cross-appeal. Accordingly, it must be dismissed.

"It is the duty of this [C]ourt on its own motion to inquire into its jurisdiction." (Punctuation omitted.) *Guy v. Roberson*.[1]

> If this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion. Our jurisdiction is granted by Ga. Const. 1983, Art. VI, Sec. V, Par. III, and defined by statute. An appeal which does not fall within this Court's jurisdiction must be dismissed for lack of jurisdiction.

(Citations and footnotes omitted.) *Standridge v. Spillers*.[2]

In this matter, the record shows that in August 2004, Douglas Asphalt filed suit against DOT for breach of contract, alleging that DOT had improperly found Douglas Asphalt to be in default of a highway improvement contract between the parties. DOT filed an answer and counterclaim, alleging that Douglas Asphalt had defaulted on several of its obligations under the contract. In June 2006, Douglas Asphalt filed a motion in limine to exclude evidence that it had quality control problems with the manufacture of its asphalt and a separate motion in limine to exclude evidence of DOT's asphalt testing that was not specified by the contract. On November 2, 2006, DOT filed a motion for summary judgment as to several of Douglas Asphalt's breach of contract claims. On April 5, 2007, the trial court issued an order, which partially granted both of Douglas Asphalt's motions in limine to exclude evidence. On August 25, 2008, the trial court issued an order, which granted in part but mostly denied DOT's November 2, 2006 motion for summary judgment. That order also granted another motion in limine filed by Douglas Asphalt, which sought to exclude DOT's damages calculations. DOT successfully applied for interlocutory review of the trial court's grant of Douglas Asphalt's motion in limine to exclude DOT's damages calculations. That appeal was recently decided. See *State of Ga., Dept. of Transp. v. Douglas Asphalt Co.*, 297 Ga. App. 470 (677 SE2d 699) (2009). However, DOT did not seek interlocutory review of any

---

[1] *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994).

[2] *Standridge v. Spillers*, 263 Ga. App. 401, 402-403 (1) (587 SE2d 862) (2003).

of the trial court's other rulings in its April 5, 2007 or August 25, 2008 orders.

One day prior to the trial court's June 12, 2008 order, DOT filed a motion for partial summary judgment as to Douglas Asphalt's supplemental claims that were not related to the breach of the highway improvement contract at issue. On August 26, 2008, the trial court issued an order, which partially granted DOT's June 11, 2008 motion. Douglas Asphalt filed a notice of appeal from that order pursuant to OCGA § 5-6-34 (a). Within 15 days, DOT filed a notice of cross-appeal from the trial court's April 5, 2007 order, which partially granted Douglas Asphalt's motions in limine to exclude evidence, and from the court's August 25, 2008 order, which partially denied Douglas Asphalt's first motion for summary judgment. However, Douglas Asphalt failed to file a brief and enumerations of error within 20 days of docketing and did not seek an extension of time to file. Its appeal was therefore dismissed.

"Although under OCGA § 5-6-48 (e), a cross-appeal may survive the dismissal of the main appeal, this is true only where the cross-appeal can stand on its own merit." (Punctuation omitted.) *Patel v. Ga. Power Co.*[3] See *Jones Roofing &c. Co. v. Roberts.*[4] "This [C]ourt has no jurisdiction to entertain a cross-appeal which must derive its life from the main appeal." (Punctuation omitted.) *Jones Roofing &c. Co.*, supra, 179 Ga. App. at 170 (2). In this matter, the trial court's grant of Douglas Asphalt's motions in limine to exclude evidence and the court's partial denial of DOT's motion for summary judgment as to several of Douglas Asphalt's breach of contract claims are not final appealable judgments within the meaning of OCGA § 5-6-34 (a) (1). See *Forest City Gun Club v. Chatham County;*[5] *Rolleston v. Cherry.*[6] Rather, those rulings are subject to the certification requirement and application procedures for interlocutory appeal. See *Forest City Gun Club*, supra, 280 Ga. App. at 222; *Rolleston*, supra, 237 Ga. App. at 736 (3). Consequently, since Douglas Asphalt's main appeal from the directly appealable order was dismissed in its entirety, and DOT filed no application for interlocutory review of the grant of Douglas Asphalt's motions in limine or the court's partial denial of DOT's motion for summary judgment, we have no independent jurisdiction over the cross-appeal. See *Serco Co. v. Choice Bumper*[7] (appellant's voluntary withdrawal of its direct appeal required dismissal of cross-appeal,

[3] *Patel v. Ga. Power Co.*, 234 Ga. App. 141, 142 (2) (505 SE2d 787) (1998).
[4] *Jones Roofing &c. Co. v. Roberts*, 179 Ga. App. 169, 169-170 (2) (345 SE2d 683) (1986).
[5] *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 222 (633 SE2d 623) (2006).
[6] *Rolleston v. Cherry*, 237 Ga. App. 733, 736 (3) (521 SE2d 1) (1999).
[7] *Serco Co. v. Choice Bumper*, 199 Ga. App. 846, 847 (406 SE2d 276) (1991).

which had no independent basis for jurisdiction). Accordingly, DOT's cross-appeal in this matter must be dismissed. See *Patel*, supra, 234 Ga. App. at 142 (2); *Guy*, supra, 214 Ga. App. at 393 (2); *Serco Co.*, supra, 199 Ga. App. at 847.

In rendering this decision, we note that in *MARTA v. Harrington, George & Dunn, P.C.*,[8] this Court declined to dismiss a cross-appeal that otherwise could not have stood on its own merit after the main appeal had been withdrawn, holding that "[i]t is only when the appeal is dismissed for lack of jurisdiction that a cross-appeal which does not have an independent ground for jurisdiction must also be dismissed." However, this decision ignored the binding precedent of *Serco Co.*, supra, 199 Ga. App. at 847, and instead relied upon *First Union Nat. Bank of Ga. v. Floyd*,[9] which was physical precedent only and therefore not controlling. *MARTA*, supra, 208 Ga. App. at 737 (1).

Furthermore, the *MARTA* decision contravenes this Court's preference (well established in our case law and appellate statutes) that cases should be concluded in the court below before entertaining an appeal, so as to avoid piecemeal or fragmented appeals. See *Holmes v. Achor Center*.[10] Indeed, "[t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." (Punctuation omitted.) *Patterson v. Professional Resources*.[11] In addition, litigants may still seek to appeal intermediate orders via the interlocutory procedures or via a direct appeal after final judgment when appropriate. Accordingly, because *MARTA v. Harrington, George & Dunn, P.C.*, supra, was wrongly decided, it is hereby overruled.

*Appeal dismissed. Miller, C. J., Andrews, P. J., Johnson, P. J., Smith, P. J., Barnes, Ellington, Phipps, Mikell, Adams, and Doyle, JJ., concur. Bernes, J., recused.*

DECIDED APRIL 16, 2009.

*Thurbert E. Baker, Attorney General, Reinhardt, Whitley, Wilmot, Summerlin & Pittman, John R. Reinhardt, Davis, Pickren & Seydel, G. Thomas Davis, Donald P. Boyle, Jr., Paul R. Jordan,*

---

[8] *MARTA v. Harrington, George & Dunn, P.C.*, 208 Ga. App. 736 (1) (431 SE2d 730) (1993).

[9] *First Union Nat. Bank of Ga. v. Floyd*, 198 Ga. App. 99, 100 (1) (400 SE2d 393) (1990) (physical precedent only).

[10] *Holmes v. Achor Center*, 249 Ga. App. 184, 187 (1) (547 SE2d 332) (2001).

[11] *Patterson v. Professional Resources*, 140 Ga. App. 315, 318 (231 SE2d 88) (1976) (on motion for rehearing).

*William G. Bertram*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, William H. Pinson, Jr., Christopher D. Britt, Spurlin & Spurlin, John C. Spurlin, Kenneth E. Futch, Jr.*, for appellee.