# Court of Appeals
# of the State of Georgia

ATLANTA,  July 26, 2021

*The Court of Appeals hereby passes the following order:*

## A21D0405. MICHAEL B. JONES v. MATTHEW C. CARDINALE.

On March 12, 2021, the trial court issued an order which dismissed all of the plaintiff's claims, but which reserved ruling on defendant Michael Jones's counterclaims for attorney fees under OCGA §§ 13-6-11 and 9-15-14 . On June 3, 2021, the trial court issued a "final order and order denying defendant Michael B. Jones' motion for attorney's fees pursuant to OCGA § 9-15-14."[1] On June 4, 2021, Cardinale filed a notice of appeal, which has been docketed in this Court as Case No. A21A1719. Subsequently, Jones filed the instant timely application for discretionary review of the trial court's June 4, 2021 order regarding attorney fees.

Generally, OCGA § 5-6-35 (a) (10) requires that an appeal of an award of attorney fees under OCGA § 9-15-14 come via the discretionary appeal procedures. However, "a post-judgment award of attorney fees may be appealed directly without regard to the discretionary appeal procedures where there is a pending appeal taken from the underlying judgment." *Reynolds v. Clark*, 322 Ga. App. 788, 789 (746 SE2d 266) (2013); see also *Rolleston v. Huie*, 198 Ga. App. 49, 51-52 (4) (400 SE2d 349) (1990). Here, there is a pending appeal — Case No. A21A1719 — of the underlying

---

[1] Jones's counterclaim for attorney fees under OCGA § 13-6-11 was withdrawn after the trial court's March 12, 2021 order. After that order, Jones converted his counterclaims for attorney fees under OCGA §§ 13-6-11 and 9-15-14 into a motion for attorney fees under OCGA § 9-15-14.

judgment of March 12, 2021.[2] Therefore, Jones may directly appeal the trial court's June 4, 2021 order regarding attorney fees without regard to the discretionary appeal procedures.

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Jones shall have ten days from the date of this order to file a notice of appeal in the trial court. If Jones has already filed a notice of appeal in the trial court, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,   07/26/2021*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

[2] Because the case was not final until entry of the June 3, 2021 order, Cardinale properly waited until June 4, 2021, to file his direct appeal, in which he challenges the underlying judgment of March 12, 2021. See OCGA § 5-6-34 (a) (1) (generally, direct appeals may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 5-6-34 (d) (when a proper direct appeal is taken, prior orders in the case may be considered on appeal, regardless of whether such orders would be subject to direct appeal on their own); *Edokpolor v. Grady Memorial Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017) ("[A] case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment."); *Dept. of Transp. v. Douglas Asphalt Co.*, 297 Ga. App. 511, 514 (677 SE2d 728) (2009) ("[C]ases should be concluded in the court below before entertaining an appeal, so as to avoid piecemeal or fragmented appeals. . . . [L]itigants may . . . seek to appeal intermediate orders via the interlocutory procedures or via a direct appeal after final judgment when appropriate.").