**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 9, 2022**

# In the Court of Appeals of Georgia

A21A1313.  WILLIAMS, III  et  al.  v.  GEORGIA  PORTS
AUTHORITY et al.

MERCIER, Judge.

Matthew Williams and Latoya Williams filed a complaint in the State Court of Chatham County against the Georgia Ports Authority ("Ports Authority") and Joshua Miller, alleging that Miller acted negligently while in the course and scope of his employment with the Ports Authority, causing injury to Matthew. Miller filed a motion to dismiss, claiming that he was protected by sovereign immunity. The trial court agreed and granted Miller's motion.[1] In their sole enumerated error, the Williamses argue that the trial court erred by dismissing their federal maritime claim

---

[1] The trial court also signed a certificate for immediate review, and Matthew subsequently filed an application for interlocutory appeal, which we granted. See Case No. A21I0152.

against Miller in his individual capacity. Finding that Miller is not entitled to Eleventh Amendment immunity for the Williams's maritime claim[2], we reverse.

"The appellate court reviews de novo the trial court's ruling on the [defendant's] motion to dismiss, accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff." *Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020) (citation and punctuation omitted). Whether a party is protected by sovereign immunity is a threshold issue. See *City of Tybee Island v. Harrod*, 337 Ga. App. 523, 524 (788 SE2d 122) (2016).

As alleged, on August 16, 2018, Matthew was working as a longshoreperson for the International Longshore Association onboard the ocean-going vessel Zim Rotterdam, while it was berthed in Garden City, Georgia. While Matthew was working on a "lashing gang," Miller, a Ports Authority crane operator, tried to lift the crane's spreader bar from a nearby 40 foot container. Instead, Miller hoisted the spreader bar along with the 40 foot container and the two containers attached below. One or more of the lashing rods on the containers broke free and struck Matthew in

---

[2] The Williamses concede that their claim against Miller under the Georgia Tort Claims Act is barred by sovereign immunity. See OCGA § 50-21-25 (a).

2

the head, causing serious and permanent injuries. The Williamses alleged that Miller acted negligently, inter alia, by failing to ensure that the spreader bar was disconnected from the container and by lifting the spreader bar "in an extremely rapid and abrupt manner," and that the Ports Authority was vicariously liable.[3]

Miller filed a motion to dismiss asserting that he was entitled to sovereign immunity. In their response, the Williamses argued that Eleventh Amendment sovereign immunity does not extend to State employees being sued in their personal capacity. The trial court granted the motion. The Williamses contend that the trial court erred by dismissing Miller because he does not have Eleventh Amendment immunity protection for their claims against him personally under federal maritime law.

As an initial matter, we must examine our jurisdiction over a maritime proceeding. See generally *Dept. of Transp. v. Douglas Asphalt*, 297 Ga. App. 511, 512 (677 SE2d 728) (2009) ("It is the duty of this Court on its own motion to inquire into its jurisdiction.") (citation and punctuation omitted).

> The United States Constitution vests the judicial [p]ower of the United
> States in the federal courts and extends that power to all [c]ases of

---

[3] Latoya alleged a derivative loss of consortium claim.

admiralty and maritime [j]urisdiction. Federal admiralty jurisdiction, however, has never been exclusive. The Judiciary Act of 1789 provided that the federal district courts had exclusive jurisdiction "of all civil causes of admiralty and maritime jurisdiction *saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.*" The emphasized language is referred to as the "savings to suitors" clause and appears today in modified form at 28 U.S.C. § 1333(1): "*saving to suitors in all cases all other remedies to which they are otherwise entitled.*"

*Phillips v. Sea Tow/Sea Spill of Savannah*, 276 Ga. 352, 353-354 (578 SE2d 846) (2003) (footnotes and punctuation omitted, emphasis in original). As such, Georgia courts have concurrent jurisdiction over personal injury maritime claims. See *Lewis v. Lewis & Clark Marine*, 531 U. S. 438, 445 (II) (A) (121 SCt 993, 148 LE2d 931) (2001).

As alleged by the Williamses, Miller, a Ports Authority employee, was acting in the course and scope of his employment when Matthew was injured. As an arm of the State, the Ports Authority is entitled to immunity under the Eleventh Amendment, and "the doctrine of sovereign immunity bars a lawsuit in state court against the Ports Authority to recover damages for the tort of its employee, except to the extent that the State has consented to the suit." *Georgia Ports Auth. v. Lawyer*, 304 Ga. 667, 682 (5)

4

(821SE2d 22) (2018). However, "the Eleventh Amendment does not bar actions for damages against state officials in their individual capacities, which seek recovery from the officials' personal funds." *Georgia Ports Auth. v. Andre Rickmers Schiffsbeteiligungsges mbH & Co. KG*, 262 Ga. App. 591, 595 (4) (585 SE2d 883) (2003), overruled on other grounds by *Hines v. Georgia Ports Auth.*, 278 Ga. 631 (604 SE2d 189) (2004)[4]; see *Georgia Ports Auth. v. Andre Rickmers Schiffsbeteiligungsges mbH & Co. KG*, 272 Ga. App. 638 (612 SE2d 927) (2005); see also *Alden v. Maine*, 527 U. S. 706, 757 (III) (119 SCt 2240, 114 LE2d 636) (1999) ("Even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally.").

In order to determine if "an official is being sued in his official capacity or in his individual capacity, courts look at the complaint and the course of proceedings." *Andre Rickmers*, supra 262 Ga. App. at 595 (4). Here, as in *Andre Rickmers,* the caption of the complaint did not specify whether Miller was being sued individually or officially. See id. at 596 (4). There was no allegation, however, that Miller was an

---

[4] *Hines*, supra, was subsequently overruled by *Lawyer*, supra.

5

official of the Ports Authority who would serve as an appropriate Ports Authority representative in the underlying litigation. See id. Moreover, if the Williamses had intended to recover only from the Ports Authority, and not from Miller individually, they "need not have named both entities as defendants." Id. "Finally, nothing in the complaint or course of proceedings indicates that [the Williamses] did *not* intend to sue [Miller] individually." Id. (emphasis in original).

Therefore, we conclude that Miller was sued in his individual capacity and is not entitled to Eleventh Amendment immunity. See *Andre Rickmers*, supra 262 Ga. App. at 596 (4). As such, the trial court erred by dismissing the Williams's maritime claims against Miller.[5] Accordingly, we reverse.

*Judgment reversed. Dillard, P. J., and Markle, J., concur.*

---

[5] Miller argues for the first time in his appellee brief that federal law provides him with qualified immunity from the Williams's maritime claims. However, as Miller failed to raise this argument in his motion to dismiss, and the trial court did not rule upon the argument, we will not address the issue for the first time on appeal. See *Nusz v. Paulding County, Georgia*, 361 Ga. App. 131, 133 (1) (863 SE2d 384) (2021) ("This [C]ourt is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.") (citation and punctuation omitted).